**Ex parte Joseph Marshall RAMSEY, III.**

**No. 68983.**

Court of Criminal Appeals of Texas.

Sept. 15, 1982.

Rehearing Denied Nov. 10, 1982.

Frank Y. Hill, Jr., Boerne, for appellant.

H. Ritman Jons, County Atty., Kerrville, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a petition for writ of habeas corpus by Joseph Marshall Ramsey, III, applicant, filed on his behalf by his attorney Frank Y. Hill, Jr. The petition alleges that the applicant is being illegally confined in the Kerr County jail by virtue of a commitment order finding him in contempt entered by Honorable Julius R. Neunhoffer, County Judge of Kerr County, on April 22, 1982.

■ Prior to determining the merits of the contentions raised in the petition, it is necessary for this court to address a motion filed by the State wherein it is argued that Hill is disqualified from representing the applicant under Art. 2.08, V.A.C.C.P. in that Hill is the County Attorney for Kendall County, Texas. Art. 2.08 provides:

> "District and county attorneys shall not be of counsel adversely to the state in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the state in any case in which they have been of counsel for the State."

The State's motion includes a paragraph alleging Hill's status as a County Attorney. If that allegation was supported by evidence, there may be an issue raised regarding Hill's qualification to represent Ramsey in a proceeding arising from an order of contempt because such an order, issued by a judge of a county court, is undoubtedly an act of the State. Thus, in contesting such an order, the attorney representing the party held in contempt is acting "adversely to the State." See Art. 2.08, V.A.C.C.P.

■ In most cases where an attorney acting on behalf of a defendant is held to be disqualified, it may be proper to adopt the plea included in the state's motion that all documents filed by that attorney be stricken. It is unnecessary, however, for this Court to reach that issue because we now hold that Sec. 2.08 is inapplicable when the jurisdiction of this Court is invoked by original application for writ of habeas corpus arising from an order of contempt.[1] Although Hill may indeed be a county attorney and although his representation of a defendant in a criminal case may normally fall within the general provisions of Chapter Two, Code of Criminal Procedure, this cause is more specifically guided by the provisions of the Code governing writs of

---

1. There is no right of appeal from an order of contempt. *Ex parte Moorehouse,* 614 S.W.2d 450 (Tex.Cr.App.1981); *Ex parte Supercinski,* 561 S.W.2d 482 (Tex.Cr.App.1977). The proper course of review from such an order is by original application for writ of habeas corpus. See Article V, Sec. 5, Texas Constitution. Compare Art. 44.34, V.A.C.C.P.

habeas corpus. See Chapter 11, Art. 11.01 et seq., V.A.C.C.P.

There are several articles under Chapter 11 which support our holding that the merits of the writ should be reached regardless of the fact that it was filed by an attorney who allegedly holds the status of county attorney. These provisions indicate an intent to consider the presentment of a writ in a fairly liberal tone. It is provided in Art. 11.04 that:

"Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it."

In *Ex parte Gray,* 564 S.W.2d 713 (Tex.Cr. App.1978), this Court examined a motion challenging the denial of bail pending appeal. It was held that the unverified motion did not substantially state or contain the requisites of a petition for writ of habeas corpus under Art. 11.14, V.A.C.C.P.[2] but it was noted that the petition for the writ must be examined and construed in light of Art. 11.04. The petition presently before the court complies with the requisites of Art. 11.14 and when viewed in light of Art. 11.04, it is proper to address the merits of the contentions therein even though the attorney who filed the petition may be "disqualified" under the more general provision in Art. 2.08.

There are two other provisions of the Code of Criminal Procedure which support our holding that the petition filed by Hill not be stricken. Art. 11.12 states as follows:

"Either the party for whose relief the writ is intended, *or any person for him,*

may present a petition to the proper authority for the purpose of obtaining relief." (Emphasis added.)

Also, it is stated in Art. 11.13 that:

"The word applicant, as used in this chapter, refers to the person for whose relief the writ is asked, *though the petition may be signed and presented by any other person.*" (Emphasis added.)

In light of these provisions, we decline the State's invitation to adopt a blind application of Art. 2.08 by striking Hill's petition and refusing to reach the substance of the contentions raised therein.[3]

█ The remaining issue, therefore, is whether the allegations in the petition for writ of habeas corpus that the order of contempt is void are meritorious. An order of contempt was issued on April 22, 1982, following comments made by Ramsey during his trial in violation of an oral order that he not refer to his lack of representation by legal counsel. Specifically, the order of contempt states that Ramsey was instructed "to in no way refer or allude during the trial of the case to the fact that he had not deemed it necessary to seek representation by legal counsel...." In the petition it is contended that the written order of contempt is void in that it does not charge that the applicant, Ramsey, violated the instructions of the court. However, the order states that Ramsey violated these instructions "by referring to the fact that he was not represented by counsel and had not had opportunity to be so represented," and that despite further admonition of the court Ramsey made an additional comment in violation of the court's instructions. We fail to see any substantial variance between

---

2. Art. 11.14 requires that the petition must substantially include the following five elements:

"1. That the person for whose benefit the application is made is illegally restrained in his liberty, and by whom, naming both parties, if their names are known, or if unknown, designating and describing them;

"2. When the party is confined or restrained by virtue of any writ, order or process, or under color of either, a copy shall be annexed to the petition, or it shall be stated that a copy cannot be obtained;

"3. When the confinement or restraint is not by virtue of any writ, order or process, the petition may state only that the party is illegally confined or restrained in his liberty;

"4. There must be a prayer in the petition for the writ of habeas corpus; and

"5. Oath must be made that the allegations of the petition are true, according to the belief of the petitioner."

3. We address here only the filing of the habeas corpus petition and express no opinion on subsequent legal representation of the applicant.

the instructions given by the court and Ramsey's conduct which violated those instructions. Contrary to the implication inherent in the argument advanced in the petition, it was not necessary that Ramsey state literally those words which the trial judge included in his admonishment regarding lack of legal representation. The order states that Ramsey had been instructed not to "refer or allude" to that fact and the violative conduct noted in the order falls within the scope of prohibited conduct. The contempt order clearly states in what respect the court's prior order had been violated.

It is further argued that the contempt order is void because Ramsey was denied assistance of counsel at the trial from which the order arose. This issue is collateral to the question of whether Ramsey violated the instructions of the court. The fact that he may have been without counsel is not a justification for engaging in contemptuous conduct and the proper course of review would be by way of direct appeal from the lower court conviction.

Finally, applicant Ramsey argues the order to be void because "the order which applicant is charged with violating was never reduced to writing" until after Ramsey was charged with the violation. The provisions governing the powers of the courts to issue orders of contempt are included in Art. 1911a, V.A.C.S. As that article has been construed, the instrument which is here required to be reduced to writing is the order of commitment. See *Supercinski v. State*, 561 S.W.2d 482. We find no authority for the proposition that an order of contempt for conduct of a defendant during trial must arise from a violation of a *previous* written order.

The contentions advanced in the petition for writ of habeas corpus are without merit. The relief requested is denied.

McCORMICK, J., concurs in the result.