

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 20, 1992

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-107

Re: Whether the Harris County Attorney is authorized to represent a Harris County Hospital District employee accused of criminal acts committed within the course of his duties, and whether the hospital district is authorized to hire an attorney to represent such an employee or to reimburse the employee's legal expenses following the conclusion of the litigation (RQ-291)

Dear Mr. Driscoll:

You have asked whether the Harris County Attorney (the "county attorney") is authorized to represent a Harris County Hospital District employee accused of criminal acts committed during the course of his duties. You also ask whether the Harris County Hospital District (the "hospital district") is authorized to hire an attorney to represent such an employee or to reimburse the employee's legal expenses following the conclusion of the litigation. By way of background, you explain that an employee of the hospital district was charged with a misdemeanor for the alleged sexual touching of a hospital district patient. The county attorney denied the employee's request for representation. The employee hired his own attorney and was eventually acquitted of the charges. The employee is now requesting that the hospital district reimburse him for his legal expenses.

You contend that the county attorney's office is prohibited from representing a hospital district employee under these circumstances by article 2.08 of the Code of Criminal Procedure. We agree. Article 2.08 provides as follows:

> District and county attorneys shall not be of counsel adversely to the State in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to

the State in any case in which they have been of counsel for the State.

This provision generally prohibits district and county attorneys from representing defendants in criminal cases. *See, e.g.,* Attorney General Opinions V-247 (1947); O-5735 (1944); *see also Ethics Opinion 419,* 47 Tex. B.J. 1370 (1984); *cf. Ex parte Ramsey,* 642 S.W.2d 483 (Tex. Crim. App. 1982) (county attorney not disqualified from representing petitioner in application for writ of *habeas corpus* because case did not fall within general provisions of chapter 2, Code of Criminal Procedure). Clearly, article 2.08 would prohibit a county attorney from representing any person, including a hospital district employee, in a misdemeanor case such as the one you describe.

You also ask whether the hospital district is authorized to hire an attorney to represent an employee against misdemeanor charges which arise from conduct allegedly committed by the employee during the course of his duties, or to reimburse the employee's legal expenses following the conclusion of litigation. Generally, a special-purpose district, such as a hospital district, "may exercise only such powers as have been expressly delegated to it by the Legislature, or which exist by clear and unquestioned implication." *Tri-City Fresh Water Supply Dist. No. 2 v. Mann,* 142 S.W.2d 945, 946 (Tex. 1940). Implied powers are those that are "indispensable to ... the accomplishment of the purposes of [the district's] creation." *Id.* at 947; *see also* Attorney General Opinion JM-258 (1984).

The Harris County Hospital District was created pursuant to chapter 281 of the Health and Safety Code. Section 281.056 of that chapter provides:

(a) The board may sue and be sued.

(b) The county attorney, district attorney, or criminal district attorney, as appropriate, with the duty to represent the county in civil matters shall represent the district in all legal matters.

(c) The board may employ additional legal counsel when the board determines that additional counsel is advisable.

(d) The district shall contribute sufficient funds to the general fund of the county for the account of the budget of the county attorney, district attorney, or criminal district attorney, as

> *appropriate, to pay all additional salaries and expenses incurred
> by that officer in performing the duties required by the district.*

Subsection (c) of section 281.056 is broadly written. We believe that in limited circumstances it authorizes the hospital district to employ legal counsel to represent both the district and its officers or employees in civil and criminal matters.[1] *See* Attorney General Opinions JM-968 (1988); JM-824, JM-755, JM-685 (1987) (recognizing that Texas governing bodies are generally authorized to employ attorneys to defend their officers and employees in certain circumstances); *see also City of Corsicana v. Babb*, 290 S.W. 736 (Tex. Comm'n App. 1927, judgm't adopted); Attorney General Opinion JM-968 at 3; Letter Opinion No. 90-93 (1990) (recognizing that Texas governing bodies' authority to employ attorneys exists not only when an officer is alleged to have committed an act of mere negligence, but also when an officer or employee is alleged to have committed an intentional tort or criminal act).

This office has repeatedly recognized that the statutory authority of Texas governing bodies to employ counsel is limited by the Texas Constitution, article III, sections 50, 51, and 52. *See, e.g.*, Attorney General Opinions JM-824 at 4 (interpreting predecessor provision to Local Government Code section 157.901); JM-755 at 3 (same); *see also* Attorney General Opinion JM-685 at 2 (authority of school district to employ counsel). Thus, the authority of a hospital district under section 281.056(c) to employ attorneys to defend officers and employees is not boundless. Specifically, this authority is limited to situations where legitimate interests of the governmental entity to employ counsel – not just the personal interests of the officers or employees – require the assertion of a vigorous legal defense on behalf of the public interest. Attorney General Opinion JM-824 at 2. Public funds may not be used when the interest to be defended is a purely private one. *Id.* The governing body need not conclude, however, that the officer or employee must have been correct in his course of action; the governing body need only determine that the officer or employee acted in good faith within the scope of an official duty. *Id.* at 3.

---

[1]Your brief suggests that because subsection (b) refers to "civil matters," the scope of subsection (c) is limited to civil matters. We disagree. Subsection (b) merely identifies the officials who are required to represent hospital districts. It does not preclude hospital districts from obtaining counsel in criminal matters. As noted above, district and county attorneys are prohibited from representing clients in criminal matters.

Prior opinions of this office also establish that the question of the constitutionality of expending public funds in the defense of an officer or employee in a particular instance depends upon the nature of the interest at stake and, therefore, involves questions of fact which cannot be resolved in the opinion process. *Id.* at 2. Thus, it is for the board of the hospital district to determine whether the matter at issue in a particular lawsuit concerns the interest of the hospital district or whether the expenditure of public funds would only personally benefit the officer or employee. *Id.* at 3.

While we conclude that section 281.056(c) of the Health and Safety Code authorizes the hospital district to hire attorneys to represent officers or employees within the constitutional limitations described above, we conclude that the hospital district is not authorized to reimburse an employee following the conclusion of the litigation for legal expenses he incurred in defending himself. First, section 281.056(c) merely authorizes the hospital district to *employ* counsel; it does not authorize the reimbursement of an employee's legal expenses. Second, we are not aware of any other authority for the proposition that a governmental entity may reimburse a public official or employee *after* the person has incurred legal expenses. *See* Letter Opinion No. 90-93.

## S U M M A R Y

Article 2.08 of the Code of Criminal Procedure prohibits the Harris County Attorney from representing a Harris County Hospital District employee in a criminal case. Section 281.056(c) of the Health and Safety Code authorizes the Harris County Hospital District to hire an attorney to represent an employee. Whether the Texas Constitution permits the Harris County Hospital District to do so in a particular case involves questions of fact and must be determined by its board. The Harris County Hospital District is not authorized to reimburse an employee's legal expenses following the conclusion of the litigation.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General