

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 26, 2004

The Honorable Tempie T. Francis
Motley County Attorney
Post Office Box 7
Matador, Texas 79244

Opinion No. GA-0241

Re: Whether an attorney appointed county attorney pro tem is disqualified from acting as criminal defense counsel in an adjoining county under Code of Criminal Procedure article 2.08 (RQ-0190-GA)

Dear Ms. Francis:

Article 2.08 of the Code of Criminal Procedure states: "District and county attorneys shall not be of counsel adversely to the State in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State." TEX. CODE CRIM. PROC. ANN. art. 2.08 (Vernon 1977). You ask a number of questions, the essence of which is whether the disqualification in article 2.08 applies to an attorney who has been appointed county attorney pro tem in individual cases, but who in fact performs all of the functions and duties of a constitutional county attorney.[1]

You state that an attorney appointed county attorney pro tem in an adjoining county represents criminal defendants in Motley County. Although you do not elaborate, you state that the facts are "exactly [as] described" in a letter submitted to this office by Barry L. Macha, Criminal District Attorney in Wichita County.[2] Consequently, for context, we will assume the facts as related in the Macha Letter.

The Macha Letter concerned Mr. Paul Scott, an attorney with a general civil and criminal defense practice in Wilbarger County. Macha Letter, *supra* note 2, at 1. In 2002, the Baylor County Commissioners Court approached Mr. Scott about serving as the county's attorney pro tem. *Id.* Baylor County does not currently have an elected county attorney. *Id.* Mr. Scott agreed to prosecute all misdemeanors and juvenile matters for Baylor County for $2600 per month, with the arrangement terminable at will by either party. *Id.* at 1, 3. It is unclear whether the Baylor County Commissioners

---

[1]*See* Letter from Honorable Tempie T. Francis, Motley County Attorney, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (Mar. 4, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Letter from Honorable Barry L. Macha, Wichita County Criminal District Attorney, to Opinion Committee, Office of the Attorney General (Feb. 24, 2004) (on file with Opinion Committee) [hereinafter Macha Letter].

Court issued a general order appointing Scott as "Baylor County Attorney Pro Tem," but in each case Scott filed a copy of his oath and a court order appointing Scott as county attorney pro tem for that case. *Id.* at 1. After entering into this arrangement with Baylor County, Scott continued his criminal defense practice in counties other than Baylor County.[3] *Id* at 4.

All of your questions revolve around two issues: (1) whether, as a matter of statutory construction, the disqualification in article 2.08 applies to an attorney who has been appointed county attorney pro tem in individual cases; and (2) whether the disqualification in article 2.08 applies to an attorney who does not hold the office of constitutional county attorney but who has assumed all of the functions and duties of that office. *See* Request Letter, *supra* note 1, at 1-2.

## I.      Applicable Law

The prohibition of article 2.08 expressly applies to "[d]istrict and county attorneys." Under the Texas Constitution, the office of county attorney is a four-year elected position. TEX. CONST. art. V, § 21. If the position is vacant, the county commissioners court may appoint a county attorney to serve until the next general election. *Id.* Generally, county attorneys represent the state in district and inferior courts, but when the county is in a district having a district attorney, the county attorney's duties are regulated by the Legislature. *Id.* Baylor County is located in the 50th Judicial District, and is served by a district attorney. TEX. GOV'T CODE ANN. §§ 24.152(a), 43.129 (Vernon 2004). However, the Government Code provides for a Baylor County county attorney, who represents the state in misdemeanor cases. *Id.* § 45.112.

Some county attorneys are prohibited from engaging in a private civil or criminal law practice by chapter 46 of the Government Code, the Professional Prosecutors Act. *Id.* §§ 46.001-.007. The act "applies to all county prosecutors." *Id.* § 46.002. A "county prosecutor" under the act is defined as "a constitutional county attorney who does not have general felony jurisdiction and who is not a state prosecutor." *Id.* § 46.001(1). A county attorney who receives a salary in excess of a statutory benchmark, and such a county attorney's assistants, may not engage in the private practice of law. *Id.* § 46.005(a), (c). County attorneys who do not receive a salary in excess of the benchmark are not subject to the prohibition in the Professional Prosecutors Act against maintaining a private law practice. *See* Tex. Att'y Gen. Op. No. GA-0094 (2003) at 3.

By statute, a court may appoint a substitute for an attorney for the state on a pro tem, or temporary, basis. Article 2.07 of the Code of Criminal Procedure provides for the terms of the appointment:

---

[3]This office received a request for an opinion on this issue from Mr. Scott. See Letter from Paul Scott, Baylor County Attorney Pro Tem, to Office of the Attorney General (Oct. 31, 2003) (on file with Opinion Committee). This office closed the file without an opinion because the issue was before a trial court on a motion to disqualify Mr. Scott. This office generally does not render opinions on matters that are in litigation before the courts. *See* Tex. Att'y Gen. Op. Nos. GA-0182 (2004) at 3, JM-803 (1987) at 5. You have informed us that Mr. Scott withdrew as counsel before the trial court rendered a decision, and that the matter is no longer the subject of pending litigation. Request Letter, *supra* note 1, at 1-2.

(a) Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

(b) Except as otherwise provided by this subsection, if the appointed attorney is also an attorney for the state, the duties of the appointed office are additional duties of his present office, and he is not entitled to additional compensation. Nothing herein shall prevent a commissioners court of a county from contracting with another commissioners court to pay expenses and reimburse compensation paid by a county to an attorney for the state who is appointed to perform additional duties.

(b-1) An attorney for the state who is not disqualified to act may request the court to permit him to recuse himself in a case for good cause and upon approval by the court is disqualified.

(c) If the appointed attorney is not an attorney for the state, he is qualified to perform the duties of the office for the period of absence or disqualification of the attorney for the state on filing an oath with the clerk of the court. He shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person.

(d) In this article, "attorney for the state" means a county attorney, a district attorney, or a criminal district attorney.

(e) In Subsections (b) and (c) of this article, "attorney for the state" includes an assistant attorney general.

(f) In Subsection (a) of this article, "competent attorney" includes an assistant attorney general.

(g) An attorney appointed under Subsection (a) of this article to perform the duties of the office of an attorney for the state in a justice or municipal court may be paid a reasonable fee for performing those duties.

TEX. CODE CRIM. PROC. ANN. art. 2.07 (Vernon Supp. 2004).

Under article 2.07(a), a court may appoint an attorney to assume county attorney duties pro tem when the county attorney "[1] is disqualified to act in any case or proceeding, [2] is absent from the county or district, or is otherwise unable to perform the duties of his office, or [3] in any instance where there is no attorney for the state." *Id.* art. 2.07(a). The last circumstance, when there is no attorney for the state, does not authorize a judicial court to fill a vacancy by appointing an acting county attorney, because that would usurp the commissioners court's constitutional appointment authority. *See Moore v. State*, 119 S.W. 858, 859 (Tex. Crim. App. 1909); *see also* Tex. Att'y Gen. Op. No. JM-1246 (1990) at 3 (court may not appoint a district attorney pro tem to fill a vacancy in derogation of the governor's constitutional appointment authority). An attorney pro tem assumes the duties and authority of the regular prosecuting attorney, "and in effect replaces the latter in performing germane functions of office *for purposes contemplated by the appointment.*" *State v. Rosenbaum*, 852 S.W.2d 525, 529 (Tex. Crim. App. 1993) (Clinton, J. concurring) (emphasis added); *see also Stephens v. State*, 978 S.W.2d 728, 731 (Tex. App.–Austin 1998, pet. ref'd).

## II.     Analysis

Article 2.08 of the Code of Criminal Procedure prohibits a county attorney from appearing "of counsel adversely to the State in any case, in any court ." Tex. Code Crim. Proc. Ann. art. 2.08 (Vernon 1977). The stricture prevents a county attorney from representing a party adverse to the state in any court in the state. *Ex parte Ramsey*, 642 S.W.2d 483, 484 (Tex. Crim. App. 1982) (article 2.08 would preclude a county attorney from appearing in a court of another county to challenge a contempt order). Representing a criminal defendant constitutes being "of counsel adversely to the State." *Id.* (stating as a general rule that a county attorney's "representation of a defendant in a criminal case may normally fall within the general provisions of Chapter Two").

No reported court decision has determined whether article 2.08 would also apply to an attorney appointed as a county or district attorney pro tem. Although an attorney appointed county attorney pro tem performs the duties of that office, and for purposes of the appointment replaces the county attorney, the constitutional office of county attorney and a pro tem appointment under article 2.07 of the Code of Criminal Procedure are distinct. *See* Tex. Att'y Gen. Op. No. GA-0005 (2002) at 3 (pro tem attorney appointed for specific case does not have authority to alter terms of local agreement on forfeited property). By its plain terms, article 2.08 disqualifies district and county attorneys, *i.e.*, constitutional district and county attorneys, from acting as counsel adversely to the state in any court. Attorneys appointed pro tem to perform the duties of a county or district attorney are not included. Although the Legislature could have written article 2.08 to also apply to an attorney appointed pro tem, it did not do so. We may "add words into a statutory provision only when necessary to give effect to clear legislative intent." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 867 (Tex. 1999). Moreover, we may consider the consequences of a particular construction and will presume a feasible result was intended. *See* Tex. Gov't Code Ann. §§ 311.021(2)-(4), .023 (Vernon 1998). If an attorney who accepts even one pro tem appointment for a single case cannot engage in criminal defense in any court in the state, then article 2.08 would effectively exclude the most qualified private attorneys – those with an ongoing defense practice – from accepting any pro tem appointments. Consequently, we conclude that article 2.08 applies to

county attorneys under the constitution, but not to attorneys appointed to perform the duties of the office pro tem.

Under the constitution and the statutes, whether an appointed attorney is a constitutional county attorney (and therefore subject to article 2.08) depends on the source of the appointed attorney's authority. Under article V, section 21, the county commissioners court has the authority to appoint a county attorney to fill a vacancy until the next general election. *See* TEX. CONST. art. V, § 21. Neither the constitution nor statutes authorize a commissioners court to appoint a county attorney on an "at will" basis. Nor does a commissioners court have the authority to appoint a county attorney pro tem under article 2.07 of the Code of Criminal Procedure; that authority belongs to the judicial courts. *See* TEX. CODE CRIM. PROC. ANN. art. 2.07(a) (Vernon Supp. 2004). The judicial court also would not have the authority to appoint an acting county attorney, but it would have the authority to appoint a county attorney pro tem in individual cases, as was apparently done as described in the Macha Letter. *See* Tex. Att'y Gen. Op. No. JM-925 (1988) at 6.[4] Consequently, the attorney described in the Macha Letter would not be a constitutional county attorney.

You have suggested that an attorney appointed county attorney pro tem who performs all duties of a constitutional county attorney should be considered a "de facto" constitutional county attorney and subject to the prohibition in article 2.08. Request Letter, *supra* note 1, at 2. To illustrate your point you cite the circumstances described in the Macha Letter, which we agree are not consistent with either the office of county attorney under article V, section 21 of the constitution, or with a pro tem appointment under article 2.07. Under the constitution, a county attorney must either be elected or appointed to serve until the next general election. TEX. CONST. art. V, § 21. On the other hand, an attorney pro tem must be compensated "in the same amount and manner as an attorney appointed to represent an indigent person," not by a monthly or annual salary. *See* TEX. CODE CRIM. PROC. ANN. art. 2.07(c) (Vernon Supp. 2004).

The de facto officer doctrine has been used to preclude a defendant appealing a conviction from collaterally attacking the prosecutor's authority to prosecute. *See Cook v. State*, 176 S.W.2d 941, 943 (Tex. Crim. App. 1944). However, no court has applied that doctrine to disqualification under article 2.08. To apply the doctrine here would require, as a matter of first impression, that we (1) construe article 2.08 as disqualifying "de facto" county attorneys and (2) formulate a standard for ascertaining whether a pro tem appointee has become a "de facto" county attorney. We believe that a court would reject such an expanded construction of article 2.08, and instead determine whether a county attorney pro tem is disqualified from criminal representation by applying professional conflict of interest principles. *See, e.g.*, TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(b)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR. R. art. X, § 9) (requiring an attorney to determine whether representation of one client "reasonably appears to be or become[s] adversely limited by the lawyer's or law firm's responsibilities to another client"). We note that although the Texas Supreme Court's Professional

---

[4]In Attorney General Opinion JM-925, this office determined that a county attorney of one county serving as county attorney pro tem in another county pursuant to an interlocal agreement had the duty to sign an information that initiates prosecution. It is unnecessary for us to revisit that issue here.

Ethics Committee has extended the prohibition against practicing criminal law to partners and others associated with a county or district attorney, it has not done so on the basis of a construction of the language of article 2.08, but on the basis of professional ethics rules and canons. *See, e.g.,* Tex. Comm. on Prof'l Ethics, Op. 539, 65 TEX. B.J. 368 (2002), Op. 419, 47 TEX. B.J. 1370 (1984), Op. 345 (1968), Op. 318 (1966). Under the disciplinary rules, whether a pro tem appointment conflicts with a particular criminal representation would be determined under the circumstances. *See* Tex. Comm. on Prof'l Ethics, Op. 345 (1968) (concluding that disqualification of a former assistant district attorney must be decided on circumstances of the particular case).

## S U M M A R Y

Article 2.08 of the Code of Criminal Procedure does not disqualify an attorney appointed by a court as county attorney pro tem from representing criminal defendants in an adjoining county.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee