Corrected opinion issued December 20, 2007












In The

Court of Appeals

For The

First District of Texas






NOS. 01-06-00193-CR

 01-06-00194-CR






DAVID LEE COOPER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause Nos. 1025764 & 1058771






MEMORANDUM OPINION

 Appellant David Lee Cooper was convicted by a jury of the lesser-included
offense of unlawful restraint (trial court case number 1025764; appellate court case
number 01-06-00193-CR), and the trial court held appellant in contempt of court for
conduct at a pretrial hearing (trial court case number 1058771; appellate court case
number 01-06-00194-CR). See Tex. Penal Code Ann. § 20.02(a) (Vernon 2003)
(unlawful restraint). Punishment was assessed at one year in jail and a $4,000 fine
for unlawful restraint, and six months in jail for contempt of court. With respect to
the unlawful-restraint conviction, appellant brings five points of error, challenging
admission of physical evidence, admission of hearsay evidence, and the legal and
factual sufficiency of the evidence. With respect to the contempt-of-court conviction,
appellant brings four points of error, arguing insufficient clarity of the court's
instructions, failure to show a violation of the court's order, no obstruction of justice,
and constitutional violation of his right against cruel and unusual punishment. We
affirm the judgment in the unlawful-restraint case and dismiss the appeal in the
contempt case.

Background


 When Mary Speck, the complainant, missed her bus and walked home from
work, appellant was passing by in his pickup truck and offered her a ride. Although
the complainant rejected the invitation, appellant kept circling around and insisting
that she come with him. After the third encounter, the complainant shouted at
appellant, "This is not a come on, this is not a game. Leave me alone." Appellant
circled back, jumped out of his truck, grabbed the complainant, and tried to push her
inside the truck. The complainant vigorously resisted, kicking and screaming, while
being pinned against the truck.

 Latosha Steptoe was driving by at the time and witnessed the attack. Steptoe
yelled to the complainant, "Run to the car, run to the car." The complainant got into
Steptoe's car, and Steptoe called the police from her cell phone. After overcoming
the initial shock, the complainant realized that the eyeglasses she was wearing that
day were missing.

 Officer B.W. Foltz of the Houston Police Department responded to the call and
found the complainant and Steptoe awaiting outside the complainant's apartment,
where Steptoe gave the officer the license plate of appellant's pickup truck. Upset
and still crying, the complainant described her attacker as a black male of muscular
build, wearing a white shirt, and driving a full-size dark truck. She also told Officer
Foltz that she lost her eyeglasses during the confrontation. Foltz ran the reported
license plate, which was registered to appellant, and located the truck matching the
description parked outside appellant's house. The hood of truck was still warm,
indicating that it was recently driven.

 Foltz spoke with a woman sitting inside a truck parked next to appellant's
truck, who identified herself as appellant's wife. While Ms. Cooper went inside the
house to get appellant, Foltz visually inspected the truck with a flashlight and saw a
pair of eyeglasses on the driver's seat. Foltz said that appellant, upon confirming his
identity, consented to opening his truck. Appellant's wife, however, testified at trial
that appellant expressly refused Foltz's request to open the truck, shaking his head
and saying, "No." Foltz recovered the eyeglasses from the driver's seat of appellant's
truck and later showed them to the complainant, who identified them as the ones she
lost during the confrontation. Foltz also brought appellant to the crime scene and
instructed the complainant to take a look at him. Although the complainant's prior
description matched appellant's physical appearance, she was unable to make a one
hundred percent positive identification. At trial, however, the complainant identified
appellant as the man who attacked her.

 During a pretrial hearing in the unlawful-restraint case, appellant insisted on
addressing the court to argue an issue with the court, even though he was represented
by counsel. Disregarding two warnings from the court, appellant continued to speak. 
The trial court held appellant in contempt and sentenced him to six months in jail.

Discussion

Unlawful-restraint case

 In the first point of error, appellant claims that the trial court erred in denying
his motion to suppress the admission into evidence of the complainant's eyeglasses,
which were recovered from appellant's truck. Appellant argues that the eyeglasses
were recovered from appellant's truck without a proper search warrant, and, therefore,
their seizure was in violation of his Fourth Amendment right against unreasonable
searches and seizures. However, Foltz testified that he received appellant's consent
to enter and search the truck. Even though the testimony of appellant's wife
contradicted Foltz's testimony that appellant consented to the search, the trial court
was free to disbelieve testimony by a defendant's family member. See Martinez v.
State, 17 S.W.3d 677, 683 (Tex. Crim. App. 2000).

 Furthermore, even if appellant did not consent to the search of his truck, Foltz
testified that the glasses he discovered were in the plain view on the driver's seat of
appellant's truck. A seizure of property in plain view does not violate the Fourth
Amendment's warrant requirement, because such a seizure involves no invasion of
privacy. Tex. v. Brown, 460 U.S. 730, 738-39, 103 S. Ct. 1535, 1541 (1983). The
complainant told Foltz about her missing glasses before the search, and Foltz
discovered them inside a pickup truck matching the description and license plate he
was given. Thus, it was not unreasonable for Foltz to suspect that the glasses
belonged to the complainant, serving as probable cause for their seizure.

 We overrule the first point of error.

 In the second and third points of error, appellant claims that the trial court
committed reversible error in allowing Officer Foltz to tell the jury what the
complainant had told him, because it violated appellant's constitutional right to
confrontation and cross-examination under the Sixth Amendment (second point) and
was inadmissible hearsay (third point). See Crawford v. Wash., 541 U.S. 36, 124 S.
Ct. 1354 (2004) (discussing testimonial statements prohibited by the Sixth
Amendment Confrontation Clause). Appellant's constitutional claim fails, however,
because the complainant testified at trial and was cross-examined by appellant. See
Crawford, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9 ("[W]hen the declarant appears
for cross-examination at trial, the Confrontation Clause places no constraints at all
on the use of his prior testimonial statements"). In fact, the complainant's testimony
was consistent with everything that Officer Foltz testified that the complainant told
him on the night she was attacked.

 Appellant also claims that Officer Foltz's testimony was inadmissible hearsay. 
The State argues on appeal that the complainant's testimony was an excited utterance,
and thus is an exception to the hearsay rule. See Tex. R. Evid. 803(2); Zuliani v.
State, 97 S.W.3d 589, 595-96 (Tex. Crim. App. 2003) (discussing excited utterance). 
Officer Foltz's testimony established that he arrived at the scene within 15 minutes
of being informed of the incident and that he found the complainant crying,
distraught, and having difficulty controlling her composure.

 When reviewing whether a statement is an excited utterance, we must
determine whether the declarant was still dominated by the emotions, excitement,
fear, or pain of the event at the time of the statement. Zuliani, 97 S.W.3d at 596. 
Stated another way, we must determine whether the statement was made under such
circumstances as would reasonably show that the statement resulted from impulse
rather than reason and reflection. Id. The record supports the trial court's implied
ruling that the complainant made the out-of-court statement when she was still
dominated by the emotions, excitement, fear, or pain of the attack. Finally, we note
that the complainant later testified to the same facts at trial.

 We overrule the second and third points of error.

 In appellant's fourth and fifth points of error, appellant contends that the
evidence is legally and factually insufficient to support his conviction for unlawful
restraint, because the witness testimonies produced by the State were not credible. 
Appellant claims the evidence is both legally and factually insufficient because the
complainant was the only eyewitness who could identify appellant at trial, and she
failed to do so with one hundred percent certainty.

 The standard of review for legal sufficiency of the evidence is whether,
viewing the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. Cain v. State, 958
S.W.2d 404, 408 (Tex. Crim. App. 1997). We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence. Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of Johnson, we
cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply
because, on the quantum of evidence admitted, we would have voted to acquit had we
been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). 

 Under the second prong of Johnson, we cannot declare that a conflict in the
evidence justifies a new trial simply because we disagree with the jury's resolution
of that conflict. Id. Before finding that evidence is factually insufficient to support
a verdict under the second prong of Johnson, we must be able to say, with some
objective basis in the record, that the great weight and preponderance of the evidence
contradicts the jury's verdict. Id. In conducting a factual-sufficiency review, we
must also discuss the evidence that, according to appellant, most undermines the
jury's verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The
fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder's evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the
credibility of the witnesses, the fact-finder may choose to believe all, some, or none
of the testimony presented. Id. at 407 n.5. The standard for reviewing the factual
sufficiency of the evidence is whether, after considering all of the evidence in a
neutral light, the jury was rationally justified in finding guilt beyond reasonable
doubt. Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

 Here, the complainant provided a partial identification of appellant and his
pickup truck that was corroborated by Steptoe. In addition, Steptoe identified
appellant's license plate number. Finally, Officer Foltz recovered a pair of eyeglasses
from appellant's truck, and the complainant positively identified the eyeglasses as
belonging to her. Viewing the evidence in the light most favorable to the guilty
verdict, a rational trier of fact could have found beyond a reasonable doubt that
appellant was the person who committed the offense. If we view the evidence in a
neutral light, the evidence is not so weak that the verdict is clearly wrong and
manifestly unjust, nor is the verdict against the great weight and preponderance of
evidence.

 Accordingly, we overrule appellant's fourth and fifth points of error.

Contempt case

 In four points of error, appellant challenges his contempt-of-court conviction. 
He claims that trial court erred because: (1) the order was not sufficiently clear; (2)
the record fails to show that appellant violated or disobeyed the court's order; (3)
appellant did not obstruct justice or proper administration of the court; and (4) the
trial court violated appellant's constitutional right against cruel and unusual
punishment under the Eighth Amendment.

 Appellant acknowledges that Texas law does not allow a right of direct appeal
from a trial court's holding an individual in contempt of court. See, e.g., Ex parte
Jacobs, 664 S.W.2d 360, 361 n.2 (Tex. Crim. App. 1984) (citing Ex parte Cardwell,
416 S.W.2d 382, 384 (Tex. 1967)) ("In contempt proceedings, however, there is no
remedy by appeal"). This rule prohibiting an appeal of a contempt order is so even
when the order is appealed along with a judgment that is appealable. Metzger v.
Sebek, 892 S.W.2d 20, 54 (Tex. App.--Houston [1st Dist.] 1994, writ denied). The
proper remedy to review a contempt order is to file an application for a writ of habeas
corpus. Ex parte Ramsey, 642 S.W.2d 483, 484 n.1 (Tex. Crim. App. 1982).

 Nevertheless, appellant contends that those cases were incorrectly decided and
urges this Court to grant appellate review. Regardless of how persuasive appellant's
arguments might be, the only court which can grant him the relief he seeks is the
Court of Criminal Appeals. We do not reach appellant's four points of error because
we have no jurisdiction over this appeal.

Conclusion
 

 We affirm the judgment in the unlawful-restraint case (trial court case number
1025764; appellate court case number 01-06-00193). We dismiss for lack of
jurisdiction the appeal of the contempt case (trial court case number 1058771;
appellate court case number 01-06-00194).




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b).