**The STATE of Texas, Appellant,**

v.

**Racheal FOWLER, Appellee.**

No. 10–02–273–CR.

Court of Appeals of Texas, Waco.

Jan. 8, 2003.

A.W. Davis, Jr., Newton, for appellant.

William S. Morian, Jr., Seale, Stover, Bisbey & Morian, Jasper, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Racheal Fowler filed an application for writ of habeas corpus in the district court contending that her arrest warrant was not supported by probable cause. The court issued the writ and set the matter for hearing. After hearing, the court held that the warrant was not supported by probable cause and ordered Fowler discharged and released from her surety bond. The State appealed.

Generally, the State cannot appeal an adverse ruling in a habeas proceeding. *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 541 (Tex.Crim.App. 1991) (orig. proceeding). The State may appeal an adverse habeas ruling if a statute provides for such an appeal. *E.g., State v. Young*, 810 S.W.2d 221, 223 (Tex. Crim.App.1991) (habeas orders effectively setting aside indictments); *State v. Kanapa*, 778 S.W.2d 592, 593 (Tex.App.-Houston [1st Dist.] 1989, no pet.) (habeas order modifying judgment).[1]

The State may bring an interlocutory appeal from an adverse probable cause

---

1. Article 44.01 of the Code of Criminal Procedure permits the State to appeal (among other things) an order dismissing an indictment or an order modifying a judgment. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1), (2) (Vernon Supp.2003).

determination only when that decision is made in an order granting a motion to suppress evidence. *See* Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2003). No other statute provides a basis for this appeal.

Accordingly, we dismiss the State's appeal for want of jurisdiction.

Justice GRAY concurring.

TOM GRAY, Justice, concurring.

Everything in the majority opinion is dicta. The State withdrew its notice of appeal before we issued an opinion in the case. We therefore have no appeal in which to form and express any opinion. Because the notice of appeal has been withdrawn, we may dismiss the appeal. Tex.R.App. P. 42.2(a). I concur only in the judgment of dismissal.