The STATE of Texas, State,

v.

Knyvette REYES, Appellee.

No. 2–03–264–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 21, 2003.

---

Bill R. Turner, Dist. Atty., Bryan, for The State.

Jack V. Strickland, Fort Worth, for Appellee.

Panel D: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

The State of Texas seeks to appeal the order of the trial court granting Knyvette Reyes an out-of-time appeal from the trial court's June 28, 2002 judgment finding her guilty of criminally negligent homicide and sentencing her to two years in a State Jail facility, probated for four years. We grant Reyes' motion to dismiss the State's appeal for want of jurisdiction.

## BACKGROUND

Reyes originally attempted to appeal from the June 28, 2002 judgment, but this court dismissed her appeal because the notice of appeal and motion for extension of time to file the notice of appeal were filed six days late. *Reyes v. State,* No. 2–02–505–CR, 2003 WL 858788 (Tex.App.-Fort Worth March 6, 2003, no pet.)(not designated for publication). This court's mandate issued May 15, 2003.

On June 3, 2003, Reyes filed in the trial court an application for writ of habeas corpus requesting an out-of-time appeal. The trial court granted the writ, and after a hearing the court granted Reyes an out-of-time appeal on July 9, 2003. The State timely filed a notice of appeal challenging the trial court's order granting Reyes an out-of-time appeal.

Reyes has filed a motion to dismiss the State's appeal claiming there is no statutory right for the State to appeal the trial court's order granting Reyes an out-of-time appeal. The State responds that it is entitled to appeal an order of a court that "arrests or modifies a judgment." *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(2) (Vernon Supp.2003). The State's argument is that this court's decision dismissing Reyes' prior appeal became a final judgment when mandate was issued, and the trial court's granting of an out-of-time appeal served to "arrest or modify" the judgment of this appellate court.

## STATE'S RIGHT TO APPEAL

In 1987, article V, section 26 of the Texas Constitution was amended to provide the State a right to appeal in criminal cases "as authorized by general law." TEX. CONST. art. V, § 26. The State's right to appeal is thus a statutorily created one. *State v. Sellers,* 790 S.W.2d 316, 316 (Tex. Crim.App.1990).

Ordinarily, a respondent in a habeas corpus case may not appeal from an adverse ruling. *State ex rel. Holmes v. Klevenhagen,* 819 S.W.2d 539, 541 (Tex. Crim.App.1991); *State v. Fowler,* 97 S.W.3d 721, 721 (Tex.App.-Waco 2003, no pet.). In general, only the unsuccessful applicant is entitled to the right of an appeal in a habeas corpus case. *State ex rel. Holmes,* 819 S.W.2d at 541. However, the State may appeal an unsuccessful ruling in a habeas corpus case if the State would otherwise have had the right of appeal in a criminal case. *State v. Young,* 810 S.W.2d 221, 222–23 (Tex.Crim.App. 1991); *Ex parte Crenshaw,* 25 S.W.3d 761, 764 n. 4 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

The question therefore is whether the trial court's granting of an out-of-time appeal is the equivalent of "arresting or modifying" this court's prior judgment so as to fall within the parameters of article 44.01(a)(2).

Rule 22 of the rules of appellate procedure deals with arrest of judgment in criminal cases:

### 22.1  Definition

*Motion in arrest of judgment* means a defendant's oral or written suggestion that, for reasons stated in the motion, the judgment rendered against the defendant was contrary to law. Such a motion is made in the trial court.

### 22.2.  Grounds

The motion may be based on any of the following grounds:

(a) that the indictment or information is subject to an exception on substantive grounds;

(b) that in relation to the indictment or information a verdict is substantively defective; or

(c) that the judgment is invalid for some other reason.

Tex.R.App. P. 22. The rule further provides that if judgment is arrested, the defendant is restored to the position that she had before the indictment was presented. Tex.R.App. P. 22.6(a).

Although the State attempts to persuade us that the trial court's order "arrested" or "modified" this court's prior judgment, and therefore an appeal is permissible pursuant to article 44.01(a)(2), we disagree with the State's interpretation regarding the effect of the trial court's order. Reyes has not been restored to the position she occupied before the indictment was presented; rather, she has been restored to the position she occupied immediately after the trial court signed its judgment of conviction. The effect of the trial court's order is that Reyes may now appeal that judgment.

### CONCLUSION

We hold there is no authority for the State to appeal the trial court's order granting Reyes an out-of-time appeal. Accordingly, the State's appeal is dismissed for want of jurisdiction. *See* Tex.R.App. P. 43.2(f).