IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00288-CR

 

Javier Villanueva,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. FSA-04-17563

 



CONCURRING Opinion










 

          Somewhere, somehow, this Court has
assumed a burden in Anders appeals which far exceeds that necessary for
a proper disposition.  In fact, the burden which we assume may seriously
jeopardize a defendant’s position in subsequent proceedings.  This case
represents a classic example.  After 11 mind-numbing pages of discussion of the
issues discussed in counsel’s Anders brief, we get to the relevant part
of the opinion.

          The majority, while properly stating
our duty, erroneously conditions it upon the filing of “an Anders brief
[which] raises potentially arguable issues. . . .”  Maj. Op. pg. 2.  The
majority then purports to restate our duty, but again states it erroneously by
stating:  “Stated another way, if counsel in an Anders brief or the
appellant in a pro se response points out a potential issue, we must determine
whether it is arguable or frivolous.”  Maj. Op. pg. 3.  The error in this
statement is conditioning the duty of this Court on the issues we review as having
been those issues presented by counsel or the defendant.  The duty of this
Court to review the record and determine if any non-frivolous issues are
present is a duty which exists whether or not counsel or the appellant raises
or identifies the issue as a potential issue.

          The majority goes on to state:

This duty raises several questions.  First, what
are “arguable” and “frivolous” issues?  Second, by what process do we make the
determination that an issue is arguable or frivolous?  And third, do we conduct
that process transparently or summarily?

 

Id.

          With all due respect, a “duty” cannot
raise questions.  Further, the first two questions must be rhetorical because
the answers are so well developed under existing law.  And the third question
is the straw man set up to be knocked down by making some laudatory-sounding
arguments that need further examination.

          Our duty and how we fulfill that duty
has recently been clarified by the Court of Criminal Appeals.

When faced with an Anders brief and if a later
pro se brief is filed, the Court of Appeals has two choices.  It may
determine that the appeal is wholly frivolous and issue an opinion explaining
that it has reviewed the record and finds no reversible error.  Anders,
386 U.S. at 744, 87 S.Ct. 1396.  Or, it may determine that arguable grounds for
appeal exist and remand the cause to the trial court so that new counsel may be
appointed to brief the issues.  Stafford, 813 S.W.2d at 511.

 

Bledsoe
v. State, 178 S.W.3d 824, 826-827 (Tex. Crim. App. 2005).

          The Court in Bledsoe also
described the limitations on the scope of our duty.  Bledsoe complained that
the court of appeals had not reviewed the issues raised in Bledsoe’s pro se
brief, to which the Court of Criminal Appeals responded:

. . . the court of appeals is not required to
review the merits of each claim raised in an Anders brief or a pro se
response.  The court’s duty is to determine whether there are any arguable
grounds and if there are, to remand to the trial court so that new counsel may
be appointed to brief the issues.

 

Bledsoe,
178 S.W.3d at 827.  This statement regarding the limitation on our duty cuts
strongly against the majority’s view that our duty includes expressly reviewing
the issues raised either by counsel in an Anders brief or the appellant
in a pro se brief or other response.  

On page 16 of the majority opinion, the Court finally
gets to the relevant analysis that, having conducted an independent review of
the record, we have determined that there are no arguable grounds for an
appeal.  Accordingly, the Court affirms the judgment.

          In responding to this concurring opinion,
Justice Vance says we are not required to make the type analysis he does but
that we are not precluded from it, citing Bledsoe.  But if we are not
required, then the discussion is not necessary to the disposition of the
appeal.  The Rules of Appellate Procedure and Bledsoe attempt to limit
our opinion to include only the discussion necessary.  Tex. R. App. P. 47.1 (The court’s opinion “should be ‘no
longer than necessary to advise the parties of the court’s decision and the
basic reasons for it.’”  Bledsoe, 178 S.W.3d at 826 (citing Rule 47.1)). 
So if that which is not required is unnecessary, and we are only to include
that which is necessary, then we are required to exclude unnecessary analysis
from our opinions.  The conclusion in Bledsoe cites this rule as
follows:

Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1.

 

Bledsoe,
178 S.W.3d at 827-828.

          The Court set out the entire opinion
of the court of appeals in its opinion.  It covers just over one half page of
text in the reported decision.  Id. at 825.  Our conclusion need only
indicate, as did the court of appeals in Bledsoe, that we have performed
our duty to review the entire record for any non-frivolous issue and have found
none.[1]

          Further, Justice Vance has invited
others to assess my characterization of his analysis.  Because he chooses to
respond and invites the reader to make the determination, the reader should be
armed with a bit more information about why I decided to use these precise
words (“mind-numbing”).  Because his discussion of the issues, even according
to him, does not decide the issue, I must question:  What, then, is the point
of the extended discussion of every issue raised by counsel in the Anders
brief?  Any person reading his analysis would be hard pressed to find a
distinction between his analysis and the conclusion that he reaches if he were
actually deciding the merits of the issue.  Is it really any different to say
“the attorney has concluded the issue is without merit and we agree” versus “we
conclude that the issue is without merit.”  But my concern is, however, less
about this overt aspect of his review than the subliminal agenda.

          In this opinion, he establishes his
right to do this review of the issues and forces the other justices to read,
analyze, and note disagreement with it.  And he notes we have done it in the
past in other opinions.  However, part of his argument for doing this analysis
is to educate the appellant, the bar, and the public with the analysis behind
our determination.  Maj. Op. pg. 5.  And in support of this statement, he notes
we have detailed our analyses before citing two unpublished opinions from this
Court.  Maj. Op. pg. 4.  So much for educating the bench, the bar, and the
public with unpublished opinions.

          And in evaluating the need to include
this extensive discussion, it is very important to remember that we cannot
create any new law in one of these Anders opinions to resolve the merits
of an issue.  The law on the issues should already be clear and obvious to the
bar and the public.  If we are creating, or even pushing the law a little
further in one direction or another, I question whether the issue is not then,
by definition, arguable.  

But here comes the insidious nature of the
methodology and purpose for the extensive discussion.  Having established his
right to engage in the expansive discussion and analysis in this opinion, he
can do it in another Anders opinion.  And whether it is his discussion
on an issue in this Anders opinion, or his discussion on an issue in a
future or past Anders opinion, that discussion will be cited back to me
as authority on that issue or for another purpose accompanied by the logic that
we have already unanimously agreed with it.  And because it is easy to let your
mind become numb and get drawn into these subtle agreements due to the press of
the volume of work, particularly when we agree with the result, we thus neglect
to challenge the need for the statement, analysis, or conclusion.  And
suddenly, in a subsequent opinion and result where it does matter, we are
looking at an analysis that we previously indicated agreement with by not
concurring or dissenting.  

That is one of the reasons why I feel such a compelling
need to alert the reader to the prospective problem of including unnecessary
discussion, also known as dicta, in an opinion.  See Nu-Way Energy
Corp. v. Delp, No. 10-05-00065-CV, 2006 Tex. App. LEXIS 8003, *41, 43 (Tex.
App.—Waco Sept. 6, 2006, no pet. h.) (Gray, C.J., concurring); Walker v.
State, No. 10-04-00313-CR, 2006 Tex. App. LEXIS 6213, *28 (Tex. App.—Waco
July 19, 2006, pet. filed) (Gray, C.J., concurring); Wachovia Bank of Del.,
N.A. v. Gilliam, No. 10-04-00038-CV, 2005 Tex. App. LEXIS 5039, *10 (Tex.
App.—Waco June 29, 2005, pet. filed) (mem.op.) (Gray, C.J., concurring); Hasty
v. State, No. 10-04-00131-CR, 2005 Tex. App. LEXIS 6597, *11-12 (Tex.
App.—Waco Aug. 17, 2005, no pet.) (mem. op.) (Gray, C.J., concurring); Fewins
v. State, 170 S.W.3d 293, 298 (Tex. App.—Waco 2005, order) (Gray, C.J.,
concurring); In re Clark, No. 10-03-00037-CV, 2004 Tex. App. LEXIS 6587,
*20 (Tex. App.—Waco July 21, 2004, orig. proceeding) (Gray, C.J., dissenting on
rehearing); Kelly v. State, 151 S.W.3d 683, 687 (Tex. App.—Waco 2004, no
pet.) (Gray, C.J., concurring); Loredo v. State, 157 S.W.3d 26, 34 (Tex.
App.—Waco 2004, pet. ref’d) (Gray, C.J., concurring); Jefferson v. State,
No. 10-03-00334-CR, 2004 Tex. App. LEXIS 11796, *8 (Tex. App.—Waco Dec. 29,
2004, no pet.) (mem. op.) (Gray, C.J., concurring); State v. Fowler, 97
S.W.3d 721, 722 (Tex. App.—Waco 2003, no pet.) (Gray, J., concurring); In re
Keeter, 134 S.W.3d 250, 258 (Tex. App.—Waco 2003, orig. proceeding) (Gray,
J., dissenting); Shugart v. State, 32 S.W.3d 355, 369 (Tex. App.—Waco
2000, pet. ref’d) (Gray, J., concurring); Leander Cut Stone Co. v. Brazos
Masonry, Inc., 987 S.W.2d 638, 641 (Tex. App.—Waco 1999, no pet.) (Gray,
J., concurring); Johnson v. State, 995 S.W.2d 926, 932 (Tex. App.—Waco
1999, no pet.) (Gray, J., concurring).  It is because dicta has a nasty way of
coming back cited to me as a precedential holding.  So the only tool which I
have to push back with on this type of improper development of the law is my
pen, a lone voice crying in the judicial wilderness, begging the majority to
please abide by the rule and limit our discussion to only that which is
necessary for a disposition of the appeal.  I must constantly push back.

          Because contrary to Bledsoe’s
express statement of our duty in an Anders appeal, and contrary
to the Rules of Appellate Procedure, the Court
engages in an extensive, unnecessary discussion of the issues raised in
counsel’s Anders brief, I cannot join the opinion.  I can only join the
judgment that affirms Villanueva’s conviction.  Accordingly, I concur only in the
judgment of the Court.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed October 18, 2006

Publish









[1]
The actual conclusion in the court of
appeals decision was:  “We likewise reviewed the record for reversible error
and have found none.” Id. at 825.








 0in .5in 1.0in 1.5in 2.0in 2.5in 3.0in 3.5in 4.0in 4.5in 5.0in 5.5in 6.0in 6.5in'>Justice Reyna

Affirmed

Opinion
delivered and filed November 10,
 2004

Do not publish

[CR25]