

# NUMBER 13-11-00689-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE STATE OF TEXAS,**                                                                 **Appellant,**

**v.**

**JOSE DANIEL LORENZO GARCIA,**                                          **Appellee.**

---

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant the State of Texas challenges the trial court's granting of appellee Jose Daniel Lorenzo Garcia's application for writ of habeas corpus. By one issue, the State argues that the trial court abused its discretion in finding that Garcia's guilty plea was entered unknowingly and involuntarily because he might not have understood the immigration consequences of his guilty plea. We affirm.

## I.  Background

It is undisputed by the parties that Garcia is a citizen of Mexico and an undocumented immigrant in the United States.   On August 2, 2010, Garcia was arrested by Pharr, Texas police officers for possession of 13.5 grams of marihuana.   Garcia was subsequently charged by complaint for unlawful possession of marihuana in an amount no more than two ounces, a class B misdemeanor.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (West 2010).   On September 7, 2010, Garcia pleaded guilty to the charged offense, was sentenced to thirty-seven days in county jail, with credit for time served, and was assessed a $150 fine.

While Garcia was in county jail for his possession arrest, he was interviewed by a United States Immigration and Customs Enforcement officer about his immigration status.   On September 9, 2010, Garcia was placed in removal proceedings by the Department of Homeland Security.   Garcia's notice of removal charged that he was subject to removal because he is "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."   *See* 8 U.S.C.A. § 1182(a)(6)(A)(i) (West 2011). In other words, Garcia was being removed because of his undocumented status. Garcia's removal paperwork noted his conviction for the marihuana possession charge.

On September 20, 2011, Garcia filed an application for writ of habeas corpus,[1] alleging that he received ineffective assistance of counsel because his lawyer in his

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005) ("If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody.")

2

marihuana possession case failed to advise him of the possible immigration consequences of his guilty plea. Garcia also alleged that the trial court failed to admonish him regarding the immigration consequences of his guilty plea.

The trial court held a hearing on Garcia's application on October 3, 2011. At the hearing, Garcia testified that he had not been advised by counsel that his guilty plea could have adverse immigration consequences. He testified that he had applied for cancellation of removal in his immigration case and that the only obstacle preventing cancellation was his drug conviction. *See* 8 U.S.C.A. § 1229b(b) (West 2011). Garcia testified that if he had known pleading guilty would prevent him from obtaining cancellation of removal, he would not have pleaded guilty and would have insisted on going to trial.

During cross-examination, the State admitted Garcia's immigration proceeding documents, which specified that Garcia was being removed for being in the country illegally. The prosecutor asked Garcia whether he was being deported as a result of his marihuana conviction, and although Garcia initially indicated that he believed his drug conviction was the reason for his deportation, he eventually conceded that he was "being deported . . . because [he] entered [the country] illegally."

After Garcia's testimony and arguments by defense counsel and the State, the court granted Garcia's habeas application, stating:

> Okay. First of all, I do believe that the attorney [advised Garcia regarding immigration consequences]. And even if he had not admonished him, the Court normally admonishes all defendants when they're pleading about the immigration consequences. And that is routine, I always do that.
>
> It may not be a deportable offense, but in either case – in the abundance of caution, I'm going to go ahead and grant it and allow them to

3

retry the case if so wishes. Even though that I don't believe this is a deportable offense, and even if the attorney had for some reason not warned him about those consequences, the Court always does. Whether he understood those warnings are something else, but I think he was warned. I don't know if he understood them clearly or not.

I'm going to give him the benefit of the doubt, and out of the abundance of caution, go ahead and grant it.

After the hearing, the trial court entered findings of fact and conclusions of law, in relevant part, as follows:

### FINDS [sic] of FACT

1. Defendant, a citizen of Mexico, illegally entered the United States without inspection by wading across the Rio Grande River at an unknown date at the age of four (4).

2. On August 2, 2010, Defendant was arrested by the Pharr Police Department for possession of Marijuana in an amount [of] 13.5 gram[s].

3. On August 2, 2010, Defendant was charged by information with the offense of Possession of Marijuana in an amount of less than two ounces.

. . . .

5. On or about September 7, 2010, Defendant . . . appeared in Hidalgo County Court At Law Number 6. On that day, Defendant entered a plea of guilty to the charged offense under advisement of counsel.

6. Although Defendant was admonished by appointed counsel about the adverse immigration consequences of entering into a plea of guilty, Defendant entered a plea of guilty. It is unclear if Defendant knew or understood the consequences of his plea on his immigration status.

. . . .

8. Defendant was placed in removal proceedings.

. . . .

4

## CONCLUSIONS OF LAW

. . . .

2. Defendant was charged and entered a plea to a controlled substance offense. Any drug possession charge can result in an immigrant's deportation and may have adverse immigration consequences, and the fact that the Defendant was sentenced to time served can still result in his exclusion, removal, or deportation from the United States, or result in ineligibility for relief from removal.

3. Defendant should enter a plea based on a knowingly [sic] and informed decision after considering the consequences of his plea.

. . . .

5. In Padilla v. Kentucky, 130 S.Ct. 1473 (2010), the Court held that counsel ["]must inform . . . client whether his plea carries a risk of deportation." The Court further stated that "when the law is not sufficient and straightforward, a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges carry a risk of adverse immigration consequences."

. . . .

7. . . . Although Defendant was also admonished by [the] Court, [i]t is unclear if Defendant clearly understood the immigration consequences and made a knowingly [sic] decision to plea [sic] guilty.

8. The facts of this case establish a doubt about whether Defendant . . . knew or understood the immigration consequences of his plea. His plea clearly establishes harm to Defendant resulting in his possible deportation and exclusion from this country. . . .

The trial court then ordered Garcia's habeas application granted. This appeal followed.

## II. Jurisdiction

As a threshold matter, we address whether we have jurisdiction over the State's appeal in this case. Article 44.01 of the code of criminal procedure provides the circumstances under which the State may appeal in a criminal case but does not explicitly give the State the right to appeal habeas applications granted under article 11.09, which

5

governs habeas applications by persons confined on misdemeanor charges. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West Supp. 2011); *see also id.* art. 11.09 (West 2005). As a general rule, except for its right under article 44.01(k) to appeal habeas applications granted under article 11.072, *id.* art. 44.01(k), the State is not entitled to appeal the granting of a writ of habeas corpus. *State v. Reyes*, 115 S.W.3d 229, 231 (Tex. App.—Fort Worth 2003, pet. ref'd) ("Ordinarily, a respondent in a habeas corpus case may not appeal from an adverse ruling. In general, only the unsuccessful applicant is entitled to the right of an appeal in a habeas corpus case.") (citing *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 541 (Tex. Crim. App. 1991); *State v. Fowler*, 97 S.W.3d 721, 721 (Tex. App.—Waco 2003, no pet.)). "[T]he State may [only] appeal an unsuccessful ruling in a habeas corpus case if the State would otherwise have had the right of appeal in a criminal case." *Id.* (citing *State v. Young*, 810 S.W.2d 221, 222-23 (Tex. Crim. App. 1991); *Ex parte Crenshaw*, 25 S.W.3d 761, 764 n.4 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)).

The State asserts that the trial court's granting of Garcia's application in this case is equivalent to the granting of a new trial, and because the State has the right to appeal the granting of a new trial under article 44.01, *see* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3), the State may appeal the habeas ruling in this case. Under the facts of this case, we agree with the State. "[W]hen an order is 'functionally indistinguishable' from or the 'functional equivalent' of an order granting a new trial, a reviewing court can look past the label assigned to the order by the trial court and treat the order as one granting a new trial." *State v. Boyd*, 202 S.W.3d 393, 400 (Tex. App.—Dallas 2006, pet. ref'd) (citations omitted). "A new trial, as contemplated by Article 44.01(a)(3) of the Texas Code of

6

Criminal Procedure, is the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." *Id.* (internal quotations and citations omitted). Specifically, a "trial court's order granting [a] motion to withdraw [a guilty plea has] the precise effect of granting a new trial. Since the trial court order return[s] the case to the posture it had been in before the plea was accepted, the trial court order grant[s] a new trial, irrespective of the label or terms used in the motion or order." *State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992).

In its findings and conclusions, the habeas court concluded that it was unclear whether Garcia made his guilty plea knowingly and granted Garcia's application on this basis. Granting Garcia's application on the basis that his plea was involuntary was the functional equivalent of allowing Garcia to withdraw his guilty plea and return the case to the posture in which it had been before the plea was accepted. In other words, the habeas court's order in this case had the effect of setting aside the guilty verdict and ordering a rehearing in Garcia's marihuana possession case. Because this ruling is the functional equivalent of an order granting a new trial, the State is permitted to appeal this ruling, no matter the label used in the trial court's order. We therefore conclude that we have jurisdiction over the State's appeal in this case.

### III. The Habeas Application

By its sole issue on appeal, the State argues that the trial court abused its discretion in concluding that Garcia's guilty plea was unknowing and granting Garcia's habeas application on this basis.

### A. Standard of Review

An applicant seeking relief by writ of habeas corpus must prove his claim by a

7

preponderance of the evidence. *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997). We view the evidence presented in the light most favorable to the trial court's ruling on an application for writ of habeas corpus, and we uphold that ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). We afford almost total deference to the trial court's fact findings in a habeas proceeding, particularly when those findings are based on evaluations of credibility and demeanor. *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004). But if the ultimate resolution of the application turns on an application of law, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d at 819.

## B. Applicable Law

"The 'overriding concern' in reviewing the constitutional validity of a guilty plea is 'whether a defendant has been deprived of due process and due course of law.'" *Holland v. State*, 761 S.W.2d 307, 322 (Tex. Crim. App. 1988) (quoting *Ex parte Lewis*, 587 S.W.2d 697, 700 (Tex. Crim. App. 1979)). To satisfy due process, a guilty plea "must be entered knowingly, intelligently, and voluntarily." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We consider the entire record in determining the voluntariness of a guilty plea. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (citing *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975)).

When the record reflects that the defendant was duly admonished by the trial court before entering a guilty plea, it presents a prima facie showing that the plea was both knowing and voluntary. *Martinez*, 981 S.W.2d at 197. "A defendant may still raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to

8

demonstrate that he did not fully understand the consequences of his plea such that he suffered harm." *Id.*

## C. Analysis

Here, the record shows that Garcia was orally admonished by the trial court prior to his guilty plea as follows:

[Court]: . . . [I n]eed to advise defendant that if you are not a U.S. citizen of this State, a plea of guilty or no contest could have a negative affect [sic] on your status here in the United States.

You could be deported, excluded from the country or denied naturalization under federal law, do you understand that?

[Garcia]: Yes.

[Court]: Knowing that Mr. [Garcia], to your charge how do you plea, guilty or not guilty?

[Garcia]: Guilty.

This creates a prima facie case that Garcia's plea was voluntary. *See Martinez*, 981 S.W.2d at 197. The burden was therefore on Garcia to show that he nonetheless did not fully understand the consequences of his plea such that he was harmed. *See id.*

At the hearing on his habeas application, Garcia testified that he did not fully understand the consequences of his plea because if he had known that pleading guilty would preclude him from obtaining cancellation of removal, he would not have so pleaded. *See* 8 U.S.C.A. § 1229b(b) (providing that the Attorney General may cancel removal of an inadmissible or deportable alien who (1) has been continuously present in the United States for at least ten years, (2) has a good moral character, (3) has not been convicted of, among other offenses, an offense related to a controlled substance, and (4) "establishes that removal would result in exceptional and extremely unusual hardship to

9

the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"). The trial court apparently found this testimony to be credible as it entered a finding of fact that, although Garcia had been admonished,[2] he did not fully understand the consequences of his plea.[3] This finding was based on the trial court's judgment of Garcia's credibility and demeanor, and we afford almost total deference to such findings. *See Ex parte White*, 160 S.W.3d at 50. In short, we will not disturb the trial court's apparent finding that Garcia did not understand that his guilty plea would render him ineligible for cancellation of removal. *See id.*; *see also* 8 U.S.C.A. § 1229b(b). And in light of this finding, we hold that the trial court did not abuse its discretion in concluding that Garcia's plea was involuntary—i.e., that he did not

---

[2] In its findings of fact, the trial court also found that Garcia's trial counsel had advised him of the potential adverse immigration consequences of his plea. In its conclusions of law, the trial court referenced *Padilla v. Kentucky*, in which the Supreme Court held that defense counsel could be constitutionally deficient if counsel fails to properly advise a noncitizen client about immigration consequences of a guilty plea. *See* 130 S.Ct. 1473, 1483, 1486 (2010). But because the trial court found no deficiency in Garcia's counsel's performance, it could not have based its granting of Garcia's habeas application on *Padilla*. In other words, absent any deficient performance, the prejudice prong of the ineffective assistance of counsel test does not come into play, and the trial court could not have found ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). In short, we do not believe *Padilla* provided any basis for the trial court's granting of Garcia's habeas application, and therefore, we do not address it in this appeal.

[3] The State contends that the trial court's findings and conclusions demonstrate that the court applied an improper burden of proof to Garcia's habeas application. The State contends that, by finding that it was "unclear" and that "[t]he facts of this case establish a doubt" about whether Garcia understood the consequences of his plea, the trial court did not require Garcia to prove his involuntariness claim by a preponderance of the evidence. *See Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997). We do not agree with the State that the language used by the trial court demonstrates that it used an improper evidentiary standard. But even assuming that the trial court did not employ the correct standard, we may uphold the trial court's ruling so long as it is supported by the applicable legal standard. *See State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008) (providing that the appellate court reviews the trial court's legal conclusions de novo and upholds the ruling so long as it is supported by the record and correct under any legal theory applicable to the case). And having reviewed the entire record in this case, we conclude that Garcia met his burden of proving by a preponderance of the evidence that he did not fully understand the consequences of his plea. The State implies in its brief that Garcia's testimony alone is not sufficient to prove his habeas allegations. While it is true that where there is proof contrary to an applicant's habeas claims, his sworn allegations alone are not sufficient to prove his claims, *see Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988), here, the State presented no evidence to contradict Garcia's testimony that he did not fully understand that his guilty plea would render him ineligible for cancellation of removal. Thus, Garcia's testimony alone was enough to prove his claim by a preponderance of the evidence.

fully understand the consequences of his plea such that he was harmed—and granting his habeas application on this basis. *See Ex parte Peterson*, 117 S.W.3d at 819; *see also Martinez*, 981 S.W.2d at 197. The State's issue is overruled.

## IV. Conclusion

We affirm the order of the trial court granting Garcia's habeas application.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 13th
day of December, 2012.