EX PARTE GERTRUDE CHRISTOFFERSON, JERRY NIEZEK AND MARGARET INFINGER RICHMOND

Nos. 33,338, 33,339, 33,340.   April 12, 1961

WOODLEY, Presiding Judge, absent.

*Baldwin & Goodwin*, by *Joe B. Goodwin, Beaumont*, for relators.

*Will Wilson*, Attorney General of Texas, *Leon F. Pesek, Elmer McVey*, Assistants, and *Leon Douglas*, State's Attorney, all of Austin, for the state.

BELCHER, Judge

These applications for writ of habeas corpus will be consolidated and disposed of in one opinion.

According to the statements of facts before us, the three relators on March 8, 1961, appeared before the Criminal District Court of Jefferson County, the grand jury being present, and questions were propounded to them. Upon their failure to answer, the court orally ordered the sheriff to take them to jail.

This was done, and they each on March 9 applied to this court for a writ of habeas corpus, alleging that they were held by virtue of no writ or process. On the same day, a judge of this court ordered each applicant "released from custody upon bond in the sum of $250, to abide the decision of the Court of Criminal Appeals," and set the matter for hearing on March 15.

The transcripts before us contain a judgment of contempt which recites that it was entered on March 7, but the statements of facts show that the hearing was not had until March 8; and if such transcripts are correct the acts which constituted the contempt in question had not even occurred.

There has been filed in this court an affidavit of the sheriff of Jefferson County which recites (and which is supported by the statements of facts) that the applicants were placed in jail March 8 on the verbal orders of the judge and that no written commitment had ever been delivered to his office.

It is apparent from the above that no written commitment was issued and delivered to the sheriff at the time relators were placed in jail.

These applications are controlled by the opinion of the Supreme Court of this state in Ex parte Plamater, 243 S.W. 2d 160, wherein Chief Justice Hickman discussed all the cases relating to the question here presented. From such opinion, we quote the following:

"It appears that a valid judgment of contempt was entered but that no written order of commitment or other type of warrant was ever issued and delivered to the sheriff. Relator was confined in jail from May 28, 1951, until this court recently ordered his release on bond, pending a decision on the merits of his application."

After discussing several cases from this court and the Supreme Court, the court said:

"Upon authority of those decisions we hold that relator's imprisonment is illegal."

Under the authority of this holding and the cases cited therein, the sheriff having no written authority to restrain relators, they are ordered discharged.

Opinion approved by the Court.