### Ex parte Frank SUPERCINSKI.

### No. 55496.

Court of Criminal Appeals of Texas.

Oct. 11, 1977.

Lynn S. Patton, Longview, for appellant.

A. D. Clark, III, Dist. Atty. and William D. Saban, Asst. Criminal Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Commissioner.

This is an original habeas corpus action. Relator is an attorney practicing law in Longview. The Honorable Donald Carroll, Judge of the 7th Judicial District Court of Smith County, found relator in contempt on October 27, 1976, for refusing to proceed to trial in the case of *The State of Texas v. Derrick Jerome Conrad.* Relator's punishment was assessed at ninety days confinement in the Smith County Jail and a fine of $500.00. Under the authority of Art. 1911a(2)(c), V.A.T.S., the relator had an independent determination of his guilt or innocence made by a judge other than the one making the original decision. This hearing was held before the Honorable Tate McCain on June 3, 1977. Judge McCain orally found "that the conduct of the Respondent, Frank L. Supercinski, . . . was, in fact, contumacious" and further stated, "Before I leave today, I will expect to order the issuance of that commitment." Judge McCain made a similar entry on the docket sheet and concluded same, "Clerk directed to issue commitment." We have searched the record and same is devoid of a written commitment, nor do we find any indication that a written commitment was ever issued.

The State urges that the case is not properly before this Court. Relator seeks relief both as an original application for a writ of habeas corpus and as an appeal. The State accurately points out that there is no right to an appeal from an order of contempt. *Arnold v. State,* Tex.Cr.App., 493 S.W.2d 801; *Gardner v. State,* 171 Tex. Cr.R. 521, 352 S.W.2d 129.

Relator relies on *Ex parte Howell,* Tex. Cr.App., 488 S.W.2d 123, for authority that an appeal can be taken from a contempt order. The opening sentence of the opinion in *Howell* states: "This is an appeal from two contempt certificates . . . ." No

further mention is made of the issue in the opinion. In footnote # 2 in *Ex parte Waters,* Tex.Cr.App., 499 S.W.2d 309, 310, this Court points out that *Howell* was in error in this respect as "the action involved an original application for habeas corpus."

We will entertain this case as an original application for a writ of habeas corpus. As noted in *Waters,* "The original jurisdiction of the Court of Criminal Appeals to issue writs of habeas corpus is unlimited." Article V, Sec. 5, Vernon's Annotated Texas Constitution; *State ex rel. Wilson v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892.

Relator challenges the fact that there is no written order of commitment in this case. As heretofore noted, a search of the record reveals only the judge's oral order and his written notes on the docket sheet as authority for the restraint of the petitioner.

It is well established that no one may be restrained for contempt without a written order of commitment. *Ex parte Christofferson,* 171 Tex.Cr.R. 68, 345 S.W.2d 410; *Ex parte Martinez,* 160 Tex. 328, 331 S.W.2d 209; *Ex parte Puckitt,* 159 Tex. 438, 332 S.W.2d 597; *Ex parte Arapis,* 157 Tex. 627, 306 S.W.2d 884; *Ex parte Smart,* 152 Tex. 229, 256 S.W.2d 398; *Ex parte Palmateer,* 150 Tex. 510, 243 S.W.2d 160; *Ex parte Eager,* 128 Tex.Cr.App. 97, 79 S.W.2d 136; *Ex parte Ray,* 101 Tex.Cr.R. 432, 276 S.W. 709; *Ex parte Alderete,* 83 Tex.Cr.R. 358, 203 S.W. 763; *Ex parte Hardin,* 161 Tex. 567, 344 S.W.2d 152; *Ex parte Baize,* 453 S.W.2d 185 (Tex.Civ.App.—Eastland, no writ).

The State argues that no written order is needed in this case in that this is direct rather than constructive contempt. Direct contempts are those where the acts occur in the presence of the court and the court knows of all of the facts which constitute the contempt. Constructive contempts relate to acts which require testimony to establish their existence. See *Ex parte Arnold,* Tex.Cr.App., 503 S.W.2d 529. The State contends that a written order is only necessary in cases of constructive contempt.

The distinction urged by the State is not supported by the cases. In *Ex parte Christofferson*, supra, the relators appeared in the Criminal District Court of Jefferson County, with the grand jury present, and refused to answer questions. The court then found them in contempt and orally ordered relators taken to jail. This was clearly direct contempt since all of the acts constituting same took place in the presence of the court. This Court held in *Christofferson* that a written order of commitment was necessary and relators were ordered discharged.

The foregoing cases of this Court and the Supreme Court of Texas dictate that, absent a written order of commitment, relator is unlawfully restrained of his liberty. Relator is ordered discharged.

Opinion approved by the Court.