**Ex parte Edward CAMARA.**

**No. 67264.**

Court of Criminal Appeals of Texas, En Banc.

March 10, 1982.

---

George Scharmen, Jimmy Parks, San Antonio, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an original application for habeas corpus. On January 6, 1981, petitioner Edward Camara, in the course of representing an indigent defendant in a criminal jury trial, was held in contempt by Judge Al Klein for making six successive objections to the prosecutor's voir dire of the jury panel despite the judge's instruction to stop objecting. The trial court found petitioner in contempt and fined him $100.00, said fine to be taken from his compensation as an appointed attorney. A written judgment of contempt was signed January 9, 1981, by Judge Al Klein. Thereafter, petitioner filed a motion which requested a hearing on the contempt before a disinterested district judge, pursuant to Article 1911a, Section 2(c), V.A.C.S. On February 27, 1981, at 10:00 a. m., petitioner was informed that the review hearing he had requested would be held at 11:00 a. m. that morning. When the attorney for the petitioner announced not ready on the basis of such short notice and the absence of a citation of contempt, Judge Preston H. Dial, Jr., ordered the hearing to proceed since petitioner had by his own motion requested the hearing. Evidence was taken and Judge Dial found that petitioner was in contempt and assessed a fine of $100.00. No written order from the review hearing is included in the record.

On March 6, 1981, petitioner filed an application for stay of the contempt order and a petition for writ of habeas corpus. This Court stayed the execution of the judgment of contempt on March 9, 1981. Petitioner in his brief asserts two grounds for the granting of the writ of habeas corpus: (1) the trial court erred in holding petitioner in contempt in that counsel was exercising his duty to object in good faith asserting that the prosecutor's voir dire was legally erroneous and prejudicial to the defendant; and (2) the trial court's contempt ruling is invalid because the instruction allegedly violated lacked the specificity necessary to be enforceable.

As mentioned above, the record before us contains no final order of contempt signed by Judge Dial. This Court will not accept as fact allegations or assertions in the brief which are not supported by the record. *Holcomb v. State*, 523 S.W.2d 661 (Tex.Cr. App.1975); *Harris v. State*, 453 S.W.2d 838 (Tex.Cr.App.1970). In absence of a written order of contempt signed by Judge Dial, petitioner may not be restrained for contempt. *Supercinski v. State*, 561 S.W.2d 482 (Tex.Cr.App.1977). If our finding that there is no final order is incorrect, the trial court may promptly provide this Court with supplemental record.

It is ordered that petitioner be discharged.