**In re Byron Anthony SHEARD.**

No. 09–03–138 CV.

Court of Appeals of Texas, Beaumont.

March 27, 2003.

Michael D. Papania, Law Firm of James A. DeLee, Port Arthur, for appellant.

Bruce N. Smith, Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

This is an original proceeding in habeas corpus arising out of enforcement proceedings in a suit affecting the parent-child relationship.

On January 15, 2003, Lisa Renee Sheard filed a motion to enforce a child support order. On the same day, the trial court entered a temporary restraining order, which related to the proceeds from a per-

sonal injury settlement, and scheduled a temporary injunction hearing for January 22, 2003. A temporary injunction issued on January 22, after the relator failed to appear at the hearing. Also on January 15, the trial court ordered Byron Anthony Sheard to appear in court on February 4, 2003, for a hearing on the motion to enforce the child support order. The parties agree that the relator personally appeared before the trial court on February 4. On that day, the trial court reset the hearing for February 11, 2003. The relator appeared, *pro se*, at the February 11 hearing. Pronouncing its judgment from the bench, the trial court found Sheard to be in contempt of the child support order, ordered Sheard to serve six months in jail as punishment for the contempt, suspended the sentence, and placed Sheard on community supervision for ten years.[1] It appears that judgment has not been reduced to a written judgment; the clerk's record filed in this case includes neither a judgment of contempt nor a community supervision order. In open court, the trial court ordered Sheard to remain in the courtroom and meet with the probation officer. Sheard disobeyed the court by leaving. According to Lisa Sheard, that is the act of direct contempt for which the relator is presently confined.

On February 21, 2003, the trial court issued an "Order for Capias and Setting of Bond" that recited the following: "The Court ... finds that this matter [Movant's Motion for Enforcement of Child Support] was duly and properly set for hearing on February 4, 2003, at 9:00 a.m. at Beaumont, Texas and that Respondent failed to appear." The order goes on to direct the clerk of the court to issue the capias to bring Sheard to the Court to answer the allegations of the Motion for Enforcement of Child Support, and set a $1,000 bond for release pending the hearing. This is the order referred to by the sheriff in the certificate of confinement.

On March 4, 2003, Lisa Sheard filed another Motion for Enforcement, this time complaining that Byron Sheard violated the trial court's order of January 22, 2003. The trial court ordered the relator to appear on March 11, 2003, to respond to that motion. On March 11, 2003, the relator appeared before the trial court. After an initial discussion of the January 22 order, the trial court referred to the February 11 contempt ruling on the January 15 motion and the relator's act of direct contempt on February 11. Testifying, the relator admitted that he violated the January 22 order, explained that he received $195 but did not turn it over to Lisa Sheard's attorney, as ordered, because "we had no food in the house, and my electricity was about to be cutoff." The trial court stated, "I'm ready to put him [Byron Sheard] in jail and set $3,000 cash bond and file motion to revoke probation." The judge continued, stating, "Court is going to set—you're still under arrest in capias. Set $3,000 cash bond pending motion hearing—on motion to revoke probation." Sheard asked, "May I ask how long is this jail sentence for?" The judge responded, in part "I haven't sentenced you to any jail term yet. I'm just setting a bond because you were arrested on capias." Sheard replied, "Well, I had called Jefferson County. And they had no warrant for my arrest or anything. I was going to turn myself in. And nobody would take me on this. As far as

---

1. The scope of this habeas corpus proceeding is strictly limited to the legality of the relator's confinement. Because it is not the cause of the relator's present confinement by the sheriff of Jefferson County, we express no opinion regarding the underlying child support enforcement action any of the trial court's actions in this case other than the order for the arrest and confinement of the relator.

going through the facility—and they said they had no paperwork on me. There was nothing they could do." On March 11, 2003, the trial court signed an order appointing counsel to represent the relator "who is in jail on a $3,000 cash bond." The court-appointed counsel prepared the petition for writ of habeas corpus currently before the Court. On March 14, 2003, we ordered the relator's release upon $500 bond.

The sole argument raised in the relator's brief is that the only capias in the file issued on February 21, 2003, on an order for his arrest for failure to appear at the February 4, 2003 hearing. Since he appeared at the February 4, 2003 hearing, Byron Sheard argues, the trial court may not order the sheriff to confine the relator for non-appearance before the court on February 4. Lisa Sheard argues, on the other hand, that the trial court actually ordered Sheard's arrest and confinement for leaving court on February 11, 2003.

A relator is not entitled to discharge in a habeas corpus proceeding unless the judgment ordering him confined is void either because it exceeded the court's power or because it deprived the relator of his liberty without due process of law. *In re Aguilera*, 37 S.W.3d 43, 53 (Tex.App.-El Paso 2000, orig. proceeding). The issuance of a capias is appropriate when an obligor who has been personally served fails to appear at the enforcement hearing. *Id.* at 54. The Family Code expressly provides for issuance of capias for failure to appear at a hearing. *See* TEX. FAM.CODE ANN. §§ 157.066; 157.114 (Vernon 2002). If the respondent is arrested under Section 157.066 and not released pending hearing, the trial court must hold the contempt hearing within five days of arrest. TEX. FAM.CODE ANN. §§ 157.105 (Vernon 2002). In this case, however, there is no factual dispute that the relator did appear

at the February 4 hearing. Therefore, the grounds for arrest and confinement under Section 157.066 is lacking.

There are circumstances where an arrest may occur without a written order for arrest. A court has general contempt power. *See* TEX. GOV'T CODE ANN. § 21.001 (Vernon Supp.2003). An act of contempt that occurs in the presence of the court is punishable summarily without the requirements of complaint, notice, and hearing. *Ex parte Powell*, 883 S.W.2d 775, 777 (Tex.App.-Beaumont 1994, orig. proceeding). If faced with a direct act of contempt, such as that offered by Lisa Sheard as the basis for the relator's confinement, the trial court may cause the contemnor to be detained by the sheriff for a short and reasonable time while the judgment of contempt and order of commitment are being prepared for the judge's signature. *Ex parte Calvillo Amaya*, 748 S.W.2d 224, 225 (Tex.1988). Thereafter, if no written order is signed, the contemnor must be released in compliance with due process. *Id.* Once the exigencies of the situation in the courtroom cease to exist, the formalities of due process prevail. *See Ex parte Knable*, 818 S.W.2d 811, 812–14 (Tex.Crim.App.1991).

In this case, however, we are faced with the indisputable fact that a written order did lead to Byron Sheard's arrest. The February 21 order for capias stated that issuance was due to Sheard's non-appearance on February 4. The sheriff, through his deputy, certified that "Byron Sheard was taken into custody on March 11, 2003 in accordance with an order dated Feb 21, 2003." The form of the order by which the court directs a ministerial officer to take custody of a person is not important, but its substance is. *Ex parte Hernandez*, 827 S.W.2d 858 (Tex. 1992). Although Sheard may indeed be guilty of acts of contempt for which he

may be jailed by the trial court, the only act for which he has thus far actually been confined by written order is an act that he simply did not commit, i.e., failure to appear at the February 4 hearing.

We grant the petition for writ of habeas corpus and order the relator Byron Anthony Sheard released from confinement and from the bond previously ordered.

WRIT GRANTED.