**Opinion issued May 1, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00087-CV

————————————

## IN RE PATRICK GRIFFITH, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## OPINION

Relator, Patrick Griffith, requests habeas corpus relief after the trial court sentenced him to thirty days' confinement in Brazoria County Jail following a finding of direct contempt.[1] On February 4, 2014, after a preliminary review of relator's petition for writ of habeas corpus, we ordered relator released upon his

---

[1] The underlying case is *In the Matter of the Marriage of Angela Griffith and Patrick Griffith*, cause number 72063, pending in the 300th District Court of Brazoria County, Texas, the Honorable K. Randall Hufstetler presiding.

posting of a bond in the amount of $100.00, pending a final determination of his petition. Because we conclude that relator is entitled to relief, we grant his petition for writ of habeas corpus, order relator released from the bond set by this Court on February 4, 2014, and order relator discharged from custody.

## Background

This habeas proceeding arises out of a divorce proceeding in the trial court. On January 6, 2014, relator testified before the trial court. While relator was being questioned by real party in interest Angela Griffith's attorney, the trial court admonished relator and stated the following after relator failed to answer the questions being asked:

> Let me tell you what we're going to do. The next time that you are nonresponsive to the question that is asked of you, we're done and we're going to just move right into a Show Cause hearing where I will determine whether or not you should be held in contempt for failing to follow my instructions that I've given you now three times to answer just the question that's asked. That's why I'm not giving it to you a fourth time. . . . [B]ecause of some reason unknown to me, you aren't getting it. So, here's what you need to get. The next time Ms. Leleux asks you a question and you don't answer it and you go off on something else, we'll stop and I'll determine whether or not you're going to be held in contempt. For each violation that I hold you in contempt, you're looking at up to 180 days in Brazoria County Detention Center and a fine of up to $500 for each occasion.

Subsequently, following additional testimony, the trial court held relator in direct contempt for failing to answer the questions asked by relator's own counsel.

2

Specifically, the court stated:

> So, here's your first 30 days. You're not leaving today because I'm holding you in contempt for directly violating my order to answer the questions that are asked of you. 30 days in the Brazoria County Detention Center, that's your first 30. We'll go for another the next questions that's asked of you, and we'll keep going till we get done with this hearing. . . . She's asking you a very specific question that you can't answer. . . . I'm not letting this one go. 30 days in jail. We'll recess until 9:00 a.m. Henry, I'll make a docket entry, so that you can take Mr. Griffith and bring him back in the morning if you would, please, sir.

The trial court made a docket entry reflecting the contempt finding, but the court did not sign a written contempt or commitment order.

On January 30, 2014, relator filed his petition for writ of habeas corpus with this Court. Subsequently, we ordered relator released upon his posting of a bond, pending full submission of the matter. The Court also requested a response to relator's petition for writ of habeas corpus from Angela Griffith; however, no response was filed. *See* TEX. R. APP. P. 52.4 (stating that filing response is not mandatory, but that Court may not grant relief before response is requested).

### Standard of Review

An original habeas proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). In a

3

habeas corpus proceeding, the order or judgment challenged is presumed to be valid. *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). For this Court to order the release of a relator in a habeas corpus proceeding, we must find that the trial court's order directing the relator to be incarcerated is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

## Analysis

Relator asserts his confinement is illegal because: (1) the trial court failed to sign a written order of commitment; (2) the trial court limited its warning of contempt to the next time opposing counsel asked a question, not relator's counsel; and (3) relator's conduct did not obstruct or tend to obstruct the administration of justice. Because we sustain relator's first issue, we do not address the remaining issues in relator's petition.

In his first issue, relator asserts that his due process rights were violated because the trial court did not sign a written order of commitment. We agree.

It is well settled in Texas that a person may not be imprisoned for contempt without a written order of commitment. *Ex pare Amaya*, 748 S.W.2d 224, 224

4

(Tex. 1988) (orig. proceeding); *Ex parte Supercinski*, 561 S.W.2d 482, 483 (Tex. Crim. App. 1977) (orig. proceeding).  This is true in cases of both direct contempt and constructive contempt.[2]  *See Ex parte Supercinski*, 561 S.W.2d at 483–84 (holding that no one may be restrained for contempt, either direct or constructive, without written order of commitment); *Ex parte Christofferson*, 345 S.W.2d 410, 411 (Tex. Crim. App. 1961) (orig. proceeding) (granting relief where trial court found relators in direct contempt and orally ordered them taken to jail but never signed written order of commitment); *see also Ex parte Camara*, 628 S.W.2d 803, 804 (Tex. Crim. App. 1982) (orig. proceeding) ("In absence of a written order of contempt . . . , petitioner may not be restrained for contempt.").  In regard to direct contempt specifically, the Beaumont Court of Appeals has explained:

> If faced with a direct act of contempt, . . . the trial court may cause the contemnor to be detained by the sheriff for a short and reasonable time while the judgment of contempt and order of commitment are being prepared for the judge's signature.  Thereafter, if no written order is signed, the contemnor must be released in compliance with due process.

---

[2]     Direct contempt is that kind of disobedience or disrespect that occurs in the presence of the court.  *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding).  In contrast, constructive contempt occurs outside the court's presence.  *In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011) (orig. proceeding).  Due process requirements may differ in cases involving direct contempt versus constructive contempt.  *See Ex parte Daniels*, 722 S.W.2d 707, 709–10 (Tex. Crim. App. 1987) (orig. proceeding).  However, due process requires a written order of commitment in cases of direct contempt and constructive contempt.  *See Ex parte Supercinski*, 561 S.W.2d 482, 483–84 (Tex. Crim. App. 1977) (orig. proceeding).

5

*In re Sheard*, 102 S.W.3d 808, 810 (Tex. App.—Beaumont 2003, orig. proceeding) (internal citations omitted).

Here, the trial court found relator in direct contempt during trial and sentenced him to thirty days' confinement for failing to answer the questions asked of relator during relator's testimony. However, the trial court never signed a written order of commitment. Instead, the trial court made a docket sheet notation stating that relator was ordered to remain in custody on the contempt charge for thirty days. A docket sheet notation is not sufficient to satisfy due process requirements; a written order of commitment is required. *See Ex parte Supercinski*, 561 S.W.2d at 483 (granting relief where there was no written commitment order and record revealed only judge's oral order and docket sheet notations); *In re Gonzales*, No. 11-05-00388-CV, 2006 WL 133703, at *1 (Tex. App.—Eastland Jan. 19, 2006, orig. proceeding) (mem. op.) (granting relief where docket sheet noted that relator was held in contempt and committed to jail but record contained no written commitment order); *Ex parte Thompson*, 803 S.W.2d 876, 877 & n.1 (Tex. App.—Corpus Christi 1991, orig. proceeding) (ordering discharge on other grounds, but noting that written order of commitment was necessary even though docket sheet entry revealed that trial court held relator in contempt); *see also State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) ("A docket sheet entry cannot stand as an order. . . . Rather, a docket sheet

entry is a memorandum made for the convenience of the trial court and clerk." (internal citations omitted)).

Because the trial court did not sign a written commitment order after holding relator in direct contempt, we hold that relator's due process rights were violated. We sustain relator's first issue.

## Conclusion

We grant relator's petition for writ of habeas corpus, order relator released from the bond set by this Court on February 4, 2014, and order relator discharged from custody.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

7