**Opinion issued August 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00062-CV

————————————

## IN RE JEFFREY C. GRIMM, Relator

---

### Original Proceeding on Petition for Writ of Habeas Corpus

---

### MEMORANDUM OPINION

In this original proceeding, Relator Jeffrey C. Grimm challenges an order arising from a divorce proceeding in the County Court at Law in Washington County.[1] In the order, the county court held Relator in contempt and ordered him immediately committed to the Washington County jail for a term of sixty days and until he paid various amounts in child support arrearages and attorney's fees.

---

[1] The underlying case is *Jeffrey C. Grimm v. Linda K. Grimm*, cause number CCL-6776, pending in the County Court at Law of Washington County, Texas, the Hon. Matthew Reue presiding.

Relator seeks a writ of habeas corpus declaring that the county court's order was void and granting him release from confinement. He challenges the order in four issues, arguing that: (1) he was denied due process of law because the county court did not sign a valid contempt order meeting the requirements of Texas law; (2) the motion for enforcement failed to provide him adequate notice of the alleged violations of the divorce decree; (3) the allegations against him were not proven beyond a reasonable doubt; and (4) "he was not given any warnings or read any rights before the hearing." We sustain the first issue and grant the requested writ.

## Background

In 2013, Relator sought a divorce from his wife, Linda Grimm ("Linda"), and obtained a final decree of divorce from the county court. In December 2015, Linda filed a motion seeking to enforce the final decree of divorce. Linda alleged that Relator had failed to comply with numerous conditions of the decree, of which only two are relevant here, namely that Relator failed to make six monthly child-support payments of $1,000 each and six monthly medical-support payments of $258 each. For each alleged violation, she asked the county court to confine Relator to jail for 180 days and fine him $500. She also asked the county court to order that Relator remain jailed until he remedied all alleged violations of the divorce decree. She further asked the county court to award her attorney's fees that she incurred in connection with the motion.

2

The county court conducted a hearing on the motion to enforce. At the hearing, Linda acknowledged that one of the months for which she sought payments for child support and medical support was November 2012, before the divorce decree issued. She therefore sought to recover for only five months of missed payments, that is, $5,000 for child support and $1,290 for medical support, for a total of $6,290.

At the conclusion of the hearing, the county court found for Linda, stating on the record that it found "that [Relator] is in arrears and the Court holds [Relator] in contempt for violation of the order for child support that was to be paid to Linda Grimm." It explained, "The specific violation for which [Relator] is held in contempt is for failure to pay the child support in the amount of $1,000 and the cash medical support that was due on June 2013, December 2014, August 2015, September 2015[,] and November[] 2015." It then sentenced Relator to confinement in the Washington County Jail for sixty days and until he paid (1) $6,290 in arrears for child support and medical support and (2) $4,585 in attorney's fees for Linda's attorney's services. The county court further explained that it declined to hold Relator in contempt for any other alleged violations of the divorce decree.

The county court did not enter a written order memorializing its judgment of contempt, but it did enter a written order of commitment. The order directs the

3

Sheriff of Washington County to take Relator into custody for a term of sixty days beginning the day of the hearing. It further states, "Additionally the Court committed the Respondent to jail until he pays $6290 in child support arrearages and $7585 in attorney's fees for John Elick," Linda's attorney.

The same day as the hearing, Relator was taken into custody. Six days later, on January 27, 2016, he filed his petition for writ of habeas corpus, which included a request for temporary relief in the form of his immediate release from custody.

On January 28, 2016, we granted Relator's request for temporary relief and ordered the Sheriff of Washington County to discharge Relator from custody upon execution and filing of a good and sufficient bond, conditioned as required by law, in the amount of $500.[2] *See* TEX. R. APP. P. 52.8(b)(3), 52.10(b); *see also* TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2015). We also requested a response from Linda, the real party in interest, but she has not filed such a response.

### Existence of a Valid Contempt Order

In his first issue, Relator argues that the county court did not sign any document containing all required elements of a valid contempt order, in violation of Family Code section 157.166 and controlling case law.

---

[2] He subsequently posted his bond and was released. We further ordered Relator to provide evidence that he had requested the reporter's record, if any, of the relevant hearing on an expedited basis. The reporter's record was subsequently filed, showing that Relator had requested it.

4

## A.    Standard of Review

"A commitment order is subject to collateral attack in a habeas corpus proceeding." *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (citing *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980)); *see In re McLaurin*, 467 S.W.3d 561, 564 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). We will grant the writ if the county court's contempt order is void, whether because it is beyond the court's power or because Relator has not been afforded due process. *See In re Henry*, 154 S.W.3d at 596.

Enforcement orders in divorce proceedings are governed by Family Code section 157.166. TEX. FAM. CODE ANN. § 157.166 (West 2012); *see also Tucker v. Thomas*, 419 S.W.3d 292, 296 (Tex. 2013). All such enforcement orders must include:

    (1)    in ordinary and concise language the provisions of the order for which enforcement was requested;

    (2)    the acts or omissions that are the subject of the order;

    (3)    the manner of the respondent's noncompliance; and

    (4)    the relief granted by the court.

TEX. FAM. CODE ANN. § 157.166(a). The statute imposes additional requirements when the court finds that a party is in contempt and orders incarceration, depending on whether the contempt is civil or criminal in nature:

(b)     If the order imposes incarceration or a fine for criminal contempt, an enforcement order must contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt.

(c)     If the enforcement order imposes incarceration for civil contempt, the order must state the specific conditions on which the respondent may be released from confinement.

*Id.* § 157.166(b)–(c).

The requirements of section 157.166 are due process requirements. *See In re Green*, 221 S.W.3d 645, 649 (Tex. 2007); *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex. 1997); *Ex parte Barnett*, 600 S.W.2d at 256; *see also In re Davis*, 305 S.W.3d 326, 332–33 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) ("The purpose of section 157.166(b) is to satisfy due process . . . ."); *In re Butler*, 45 S.W.3d 268, 273 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (order satisfying section 157.166 satisfies due process requirements). Thus, before a trial court may imprison a person for violating an earlier order, the court must sign a written judgment or order of contempt and a written commitment order, clearly stating in what respect the earlier order has been violated, as well as the specific punishment imposed by the court. *In re Green*, 221 S.W.3d at 649; *Ex parte Shaklee*, 939 S.W.2d at 145; *Ex parte Barnett*, 600 S.W.2d at 256; *see Ex*

6

*parte Supercinski*, 561 S.W.2d 482, 483 (Tex. Crim. App. 1977); *In re Griffith*, 434 S.W.3d 643, 646 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

## B. Analysis

The county court's order fails to comply with due process requirements, including numerous requirements of Family Code section 157.166 with due process implications. As a threshold matter, the contested order is not actually a judgment of contempt in that it makes no finding that Relator was in contempt of the county court. Rather, it is an order of commitment. But a person may not be imprisoned for contempt without both a written judgment of contempt and a written order of commitment. *In re Green*, 221 S.W.3d at 649 (contempt in context of violation of divorce decree); *Ex parte Shaklee*, 939 S.W.2d at 145 (same); *In re Griffith*, 434 S.W.3d at 646 (same); *see Ex parte Supercinski*, 561 S.W.2d at 483 (criminal contempt generally). While the documents may be combined into a single written order, such an order must substantively address all requirements of both a judgment of contempt and an order of commitment. *E.g.*, *Ex parte Hernandez*, 827 S.W.2d 858, 858 (Tex. 1992); *Ex parte Barnett*, 600 S.W.2d at 256; *In re Carter*, No. 01-13-01021-CV, 2014 WL 2809822, at *2 (Tex. App.—Houston [1st Dist.] June 19, 2014, orig. proceeding) (mem. op.).

The order before us does not satisfy the law's requirements for enforcement orders in family law proceedings or judgments of contempt more generally. It

does not state "in ordinary and concise language the provisions of the order for which enforcement was requested," as required by paragraph (a)(1) of section 157.166. *See* TEX. FAM. CODE ANN. § 157.166(a)(1). Indeed, it fails to identify the order at all or any provisions thereof, except by a general reference to "child support arrearages." It does not specify "the acts or omissions that are the subject of the order," such as which payments of child or medical support Relator failed to pay or when they were due, as required by paragraph (a)(2). *See id.* § 157.166(a)(2). It does not specify "the manner of the respondent's noncompliance," as required by paragraph (a)(3). *See id.* § 157.166(a)(3).

The order further fails to specify whether the county court intended it to be one for civil or criminal contempt. In either scenario, however, the order fails to comply with further provisions of the statute. If the order is for civil contempt, it "must state the specific conditions on which the respondent may be released from confinement." *Id.* § 157.166(c). But it does not do so. While it specifies amounts to be paid in child support arrearages and attorney's fees, it does not specify a means of payment or to whom such payment should be made. *See In re Stein*, 331 S.W.3d 538, 541 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (per curiam) (commitment order was void when it required father to pay child support but contained ambiguity regarding to whom it must be paid).

Likewise, if the county court intended to hold Relator in criminal contempt, the order fails to comply with statutory requirements applicable to that scenario. An order of incarceration for criminal contempt in a family law proceeding "must contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested." TEX. FAM. CODE ANN. § 157.166(b). Such an order would also have to contain findings regarding "the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt." *Id.* But the order before us contains no findings whatsoever.

The county court's order of commitment fails to satisfy the requirements of Family Code section 157.166. An order imprisoning a person for contempt that fails to meet those requirements also fails to satisfy the requirements of due process and is void. *See Ex parte Shaklee*, 939 S.W.2d at 145; *Ex parte Barnett*, 600 S.W.2d at 256; *In re Davis*, 305 S.W.3d at 332–33; *In re Butler*, 45 S.W.3d at 273.

We hold that the county court's order violated Relator's due process rights and was therefore void. Because we sustain Relator's first issue, we need not reach his remaining issues.

9

## Conclusion

We grant the petition for writ of habeas corpus. Because Relator has already been discharged from custody, we order that he be released from the bond posted to secure his release.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Brown, and Huddle.