# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00667-CV

**In re State of Texas ex rel. David Escamilla, Travis County Attorney**

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

On April 3, 2017, Judge Nancy Hohengarten of Travis County Court at Law No. 5 issued a written order finding Adam Reposa, a licensed attorney, in "direct criminal contempt for behavior and statements made in open court in the presence of a jury panel and the parties." Specifically, Judge Hohengarten found that Reposa had committed five separate acts of contempt during a March 27 criminal trial in which Hohengarten was presiding and Reposa was acting as defense counsel.[1]

Judge Billy Ray Stubblefield, the presiding judge of the third administrative judicial region, subsequently appointed Judge Paul Davis to preside over the contempt proceedings against Reposa. *See* Tex. Gov't Code § 21.002(d) (requiring assignment of judge to determine guilt or

---

[1] Judge Hohengarten found that Reposa (1) refused to come to the bench after being summoned by the Court; (2) continued to question the venire panel when the court was attempting to have a bench conference outside the hearing of the venire; (3) continued to question a venire person after the court instructed the juror not to answer the question; (4) stated within the hearing of the venire panel, "I want to show the people how hard it is to get a fair trial in this court and that is what I'm doing"; and (5) spoke in a tone and tenor that was disrespectful when addressing the court.

innocence when officer of court is held in contempt by trial court). On September 20, 2017, following a two-day evidentiary hearing, Judge Davis signed a written order finding that Reposa had committed the five acts of contempt as alleged by Judge Hohengarten and requiring Reposa to serve six months in the Travis County Jail. Six days later, Reposa filed a motion for release on personal recognizance bond or alternatively reasonable appeal bond. Judge Davis held a hearing on the motion for bond on October 2, 2017, at which Reposa's attorney appeared without Reposa. At the conclusion of the hearing, the court denied the bond request and ordered Reposa "to present himself to the Travis County Sheriff's Office on or before 2:15 p.m. on October 2, 2017, to begin his sentence." Reposa was subsequently arrested in Williamson County and transferred to Travis County, where he began serving his contempt sentence.

On October 2, 2017, the same day that Judge Davis denied Reposa's request for bond, Reposa's attorney filed a motion for leave to file writ of habeas corpus in the 368th District Court of Williamson County. The trial court immediately granted the motion. On October 9, Reposa filed his application for writ of habeas corpus and his application for bench warrant in Williamson County. The trial court signed and issued a bench warrant instructing the Travis County Sheriff to transfer Reposa to the custody of the Williamson County Sheriff in order for Reposa to appear at a hearing on the application for writ of habeas corpus.

On October 12, 2017, Relator State of Texas ex rel. David Escamilla, Travis County Attorney (the "State"), filed a petition for writ of prohibition and for writ of mandamus in this Court, requesting that we compel the respondent, the Williamson County trial court (the "trial court"), to

dismiss Reposa's application for writ of habeas corpus.[2] Relator argues that the trial court abused its discretion in granting Reposa leave to file his application for writ of habeas corpus because "the Williamson County court lacks jurisdiction, venue, and authority to hear and entertain any request for habeas corpus relief from a guilty verdict in a contempt proceeding."

## MANDAMUS STANDARD

To be entitled to mandamus relief in a criminal case, the relator must show that (1) he has no adequate remedy at law to redress the harm he alleges and (2) what he seeks to compel is a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013); *see also Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (similar mandamus standard in civil case). With respect to the ministerial-act requirement, an act is considered ministerial if it "does not involve a discretionary or judicial decision." *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (citing *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009)). In addition, "[i]f a trial judge lacks authority or jurisdiction to take a particular action, the judge has a ministerial duty to refrain from taking that action, to reject or overrule requests that he take such action, and undo the action if he has already taken it." *Id.* (citing 43B George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure § 61.29 (3d ed. 2011)).

---

[2] Relator also filed emergency motions requesting that we stay the trial court proceedings. We granted relator's emergency motions and temporarily stayed all trial court proceedings "arising from the underlying contempt order that is the subject of this dispute," including the scheduled hearing on Reposa's application for writ of habeas corpus, pending further order of this Court.

**ANALYSIS**

"Contempt is the means by which the courts are able to enforce compliance with their orders, judgments, and processes by requiring individuals to defer to the authority of the courts in its administration of justice."[3] *Ex parte Powell*, 883 S.W.2d 775, 777 (Tex. App.—Beaumont 1994, orig. proceeding); *see Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (explaining that "[c]ontempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority"). In Texas, contempt is largely governed by common law, although section 21.002 of the Texas Government Code provides a statutory framework for and limitations on a court's ability to punish for contempt. *See Ex parte Reposa*, No. AP-75,965, 2009 Tex Crim. App. Unpub. LEXIS 725, at *12 (Tex. Crim. App. Oct. 28, 2009) (orig. proceeding, not designated for publication) (noting "long-established history in the Texas common law of contempt"); *see also In re Reece*, 341 S.W.3d 360, 366 (Tex. 2011) (explaining that "[s]ection 21.002 of the Government Code sets forth the only statutory framework for contempt" and that "[a]ny restrictions on this authority are found in the common law"); *Ex parte Powell*, 883 S.W.2d at 777 (noting that "this doctrine [of contempt] has evolved and developed mainly through the common law, subject of course, to constitutional limits and statutory safeguards").

There is no right of appeal from an order of contempt. *See Ex parte Eureste*, 725 S.W.2d 214, 216 (Tex. Crim. App. 1986) (citing prior opinions from court of criminal appeals).

---

[3] There are two types of contempt. Direct contempt occurs when the acts occur in the presence of the court "and the court knows of all the facts which constitute the contempt." *Ex parte Supercinski*, 561 S.W.2d 482, 483 (Tex. Crim. App. 1977). Whereas, constructive contempt occurs outside the court's presence. *Id*.

When, as in this case, the contemnor is confined, the only remedy available to the contemnor is a writ of habeas corpus. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *In re Office of Att'y Gen. of Tex.*, 215 S.W.3d 913, 916 (Tex. App.—Fort Worth 2007, orig. proceeding). In this original proceeding, the State does not dispute that Reposa is generally entitled to seek review of the contempt order against him through the filing of an application for writ of habeas corpus. Instead, the State argues that mandamus relief is warranted because the Williamson County court is not the proper court to review Reposa's application. Based on our review of the Texas Constitution and the relevant case law, we agree.

The Texas Court of Criminal Appeals possesses the general and unlimited power to issue writs of habeas corpus in criminal cases.[4] *See* Tex. Const., art. V, § 5; *see also, e.g., Ex parte Supercinski*, 561 S.W.2d 482, 483 (Tex. Crim. App. 1977) (treating appeal of contempt order as application for writ of habeas corpus and noting court's jurisdiction under article V, section 5 of constitution). This constitutional grant of original jurisdiction "'to issue the writ of habeas corpus' permits [the Court of Criminal Appeals] to review a contempt order entered by a district court" in a criminal case.[5] *See Ex parte Thompson*, 273 S.W.3d 177, 180 (Tex. Crim. App. 2008) (citing

[4] By contrast, the power of the Texas Supreme Court and of the courts of appeals to issue writs of habeas corpus is limited to cases in which the applicant's restraint arises from a violation of an order, judgment, or decree previously made by a court or judge in a civil case. *See* Tex. Gov't Code §§ 22.002(e); 22.221(d). Under the Texas Constitution, the jurisdiction of district courts includes original jurisdiction to issue writs of habeas corpus. District courts do not, however, have original habeas corpus jurisdiction in cases where that original jurisdiction has been conferred "by this Constitution or other law on some other court, tribunal, or administrative body." *See* Tex. Const., art. V, § 8.

[5] On October 16, 2017, Reposa filed in the Texas Court of Criminal Appeals an application for an original writ of habeas corpus, a motion for leave to file same, and a request for bond. On November 15, 2017, the Court of Criminal Appeals denied Reposa's motion for leave and his

5

*Ex parte Eureste*, 725 S.W.2d at 216). Moreover, precedent from the Court of Criminal Appeals

establishes that it is the only court with the authority to review a direct-contempt order in a criminal

case. *See Ex parte Eureste*, 725 S.W.2d at 216 ("The proper course of review from a contempt order

entered by a district court is by original application for writ of habeas corpus."); *Ex parte Ramsey*,

642 S.W.2d 483, 484 n.1 (Tex. Crim. App. 1982) (same, citing article V, section 5 of constitution);

*Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981) ("The normal course of any

review of a contempt order 'regarding criminal law matters' is by original application for writ of

habeas corpus filed in this court.").[6]

In light of the exclusive authority held by the Court of Criminal Appeals to review

contempt orders, we conclude that the respondent trial court judge lacks any authority to take action

on Reposa's application for writ of habeas corpus and, in fact, had a ministerial duty to refrain from

granting Reposa's motion for leave to file an application. Further, except in limited circumstances,

the State may not appeal from a trial court's decision to grant habeas relief. *State v. Reyes*,

115 S.W.3d 229, 231 (Tex. App.—Fort Worth 2003, pet. ref'd) ("Ordinarily, a respondent in a

habeas corpus case may not appeal from an adverse ruling."); *see* Tex. Code Crim. Proc.

art. 44.01(k) (listing circumstances under which State may appeal in criminal cases, including "an

---

request for bond. *See Ex parte Reposa*, No. WR-86,973-03, 2017 Tex. Crim. App. LEXIS 1183, at
*2 (Tex. Crim. App. Nov. 15, 2017) (orig. proceeding).

[6] Judge Alcala, joined by Judge Richardson and Judge Newell, dissented from the Court of
Criminal Appeals's decision to deny Reposa's motion for leave and request for bond. *See id*.
Writing for the dissent, Judge Alcala cited to these same cases (*Ex parte Eureste*, *Ex parte Ramsey*
and *Ex parte Moorehouse*) and explained that she "would follow this Court's precedent that has
determined that only this Court has jurisdiction in this type of case, and [] would permit further
briefing to address how the pending litigation may impact this Court's jurisdiction, if at all." *Id*.
at *22.

order granting relief to an applicant for a writ of habeas corpus under Article 11.072"); *id*. art. 11.072 (writ of habeas corpus in felony or misdemeanor case in which applicant seeks relief from order or judgment of conviction ordering community supervision). Consequently, the State does not have an adequate remedy at law.

We conditionally grant mandamus relief and order the trial court to vacate its orders, including its order granting Reposa's motion for leave and its bench warrant requiring Reposa to appear; dismiss trial court cause number 17-1228-C368 and trial court cause number 17-1428-C425; and return Reposa to the custody of the Travis County Sheriff.[7] We lift our stay to the extent necessary for the respondent to comply with this opinion, and the writ will issue only if the respondent fails to comply.

_____
Scott K. Field, Justice

Before Justices Puryear, Field, and Bourland

Filed: December 11, 2017

---

[7] To the extent the State's petition also seeks a writ of prohibition, we dismiss this request as moot.

7