**Opinion filed December 21, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00261-CV

_____

## IN RE ROSANNE BERNARD TAVAREZ

---

### Original Habeas Corpus Proceeding

---

### O P I N I O N

This habeas corpus proceeding originates from and involves a prolonged post-judgment discovery dispute. On November 13, 2023, as indicated only in a docket sheet entry, the trial court[1] found Relator, Rosanne Bernard Tavarez, in contempt and ordered her to serve ten days confinement in the Ector County Jail because Tavarez failed to comply, as she had on multiple occasions in the past, with the trial court's discovery order. In this proceeding, Tavarez seeks relief from the trial court's November 13 contempt and commitment findings. For the reason explained below, we grant the petition for writ of habeas corpus.

---

[1]The trial court below is the 161st District Court of Ector County.

## I.    *Factual and Procedural Background*

The underlying proceeding involves an ongoing, multi-year feud regarding post-judgment discovery that Talco sought from Tavarez, who is the president of RJ Sales, Inc.  Talco filed a lawsuit against RJ Sales on August 26, 2019, and Talco obtained a default judgment after RJ Sales and Tavarez failed to answer.  On November 27, Talco served post-judgment written interrogatories on Tavarez, which she did not answer.  On October 2, 2020, Talco filed its first motion to compel Tavarez to respond to this discovery in aid of enforcing the default judgment.  On April 19, 2021, at the hearing on Talco's motion, Tavarez and her counsel failed to appear.  The trial court granted Talco's motion to compel and ordered Tavarez to submit answers to this discovery to Talco no later than May 10, 2021.

On August 24, 2021, Talco filed its first motion for contempt against Tavarez because she had failed to submit answers to the post-judgment interrogatories as ordered.  At this hearing, Tavarez appeared but without counsel.[2]  In an order dated September 28, 2021, the trial court denied Talco's motion and it did not make a contempt finding; instead, the trial court ordered Tavarez to submit her answers to this discovery to Talco no later than October 10.

According to Tavarez's petition, she "answer[ed] [the] discovery without the aid of counsel, [but Talco] found this insufficient."  On September 1, 2022,[3] Talco filed a second motion for contempt against Tavarez based on her alleged failure to answer Talco's post-judgment interrogatories.  Tavarez did not appear at the hearing on this motion; therefore, the trial court entered a default contempt judgment entitled

---

[2]It is unclear when Tavarez secured counsel in the underlying proceeding.

[3]The date that Tavarez answered Talco's discovery without the aid of counsel is also unclear. Tavarez states that the "case was dormant for a year," which is consistent with the trial court's docket sheet entries.  There are no docket entries between the trial court's September 28, 2021 order and Talco's second motion for contempt that was filed a year later on September 1, 2022.

"SECOND CONTEMPT JUDGMENT"[4] because of Tavarez's failure to comply with the directives of the trial court's September 28, 2021 order. This contempt judgment, which included a written commitment order, (1) recited that Tavarez failed to forward any answers to Talco's interrogatories as required by the trial court's September 28 order, (2) incorporated the trial court's contempt finding, and (3) ordered that Tavarez be confined until she provided "a complete, sworn set of written answers to the interrogatories" that Talco had served on her in November 2019. In the judgment, the trial court conditioned Tavarez's release on the payment into the trial court's registry or a surety bond in the amount of $241,118.21; the judgment further recited that her bond would be forfeited if she did not comply with the trial court's contempt judgment. A civil capias was issued and later served on Tavarez, and, in July 2023, she posted a surety bond through her counsel, Brian Chavez. Nevertheless, and despite the trial court's order and judgment, Tavarez did not provide additional discovery responses to Talco after her release.

On August 17, 2023, Talco filed a motion to recommit Tavarez because she had failed to comply with the trial court's "second contempt judgment." One day before the hearing on the motion to recommit, Tavarez's current counsel, Lane A. Haygood, "joined" Chavez in representing her. On October 19, the trial court held a hearing on Talco's motion to recommit. Following this hearing, the trial court signed an order the same day extending Tavarez's deadline to comply with and answer Talco's discovery by "complet[ing] and execut[ing] under oath all answers to interrogatories and attach[ing] all documents requested in the interrogatories without objections." However, the trial court's October 19 order is confusing, incomplete, and purported to commit Tavarez to confinement in the Ector County

---

[4]Although the trial court and Talco refer to this judgment as the "second contempt judgment," as noted above, the trial court did not find Tavarez in contempt at that time and denied Talco's motion to recommit in its September 28 order.

3

jail. Specifically, the trial court's October 19 order states: "*The court advises* [*Tavarez*] *that failure to comply with this order*. [sic] It is further ORDERED [Tavarez] be committed to the custody of the sheriff . . . to be confined in the [Ector County Jail], *as herein ordered*, and until further order of the Court remain there." (emphasis added). The trial court's October 19 order did not specify the consequences if Tavarez failed to comply with the trial court's directives and included internal references to the parameters of its purported commitment order, which did not exist. The trial court's corresponding docket entry states that Tavarez "shall answer all discovery on or before 9:00 A.M. on October 23, 2023 or will be recommitted to jail for contempt."

On October 23, 2023, Tavarez submitted supplemental answers to Talco's discovery request.[5] Nevertheless, Talco thereafter filed a second motion to recommit Tavarez based on her failure to comply with the trial court's "second contempt judgment," alleging that Tavarez "failed to complete a sworn set of interrogatories" and that her answers were "incomplete and inadequate." In this motion, Talco described and focused only on Tavarez's "inadequate" responses to eight interrogatories.[6] On November 6, the trial court issued an order setting a hearing on Talco's second motion to recommit for November 13.

According to Tavarez, no testimony was taken at the November 13 hearing, and the trial court found her in contempt and ordered her commitment. However, the trial court did not issue a written contempt judgment or a written order of commitment. Instead, its November 13 docket sheet entry states: "Hearing held all

---

[5]Tavarez submitted the answers to Talco's interrogatories at 10:55 a.m. that day but certified that the answers had been provided to Talco prior to the deadline.

[6]The number of interrogatories included in Talco's post-judgment discovery request is unclear because this discovery request has not been filed in this proceeding; thus, we have not been able to review it.

parties ready, [Tavarez] found in contempt, ordered to serve 10 days Ector County Jail, may purge herself of contempt by complying with discovery requests. Defendant is committed to the Ector County Jail for 10 days. Attorneys fees of $2000.00 due with[in] 30 days. JWL"

We promptly set a bond for Tavarez pending our decision in this proceeding; Tavarez posted bond and was released from custody on November 14.

## II. *Standard of Review*

The trial court's authority to punish a party who fails or refuses to obey a prior order or decree for contempt "is an inherent power of a court and is an essential element of judicial independence and authority." *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980); *see* TEX. GOV'T CODE ANN. § 21.002(a) (West 2023). However, this power and the "ability to punish for contempt is not unfettered," and a trial court's contempt order is void if the order exceeds the power of the trial court or if it deprived the relator of liberty without due process of law. *In re Reece*, 341 S.W.3d 360, 366 (Tex. 2011); *Barnett*, 600 S.W.2d at 254.

In civil cases, we have the authority to issue a writ of habeas corpus when a person is restrained in her liberty, and it appears that the restraint is by virtue of a trial court's order, process, or commitment that results or arises from a violation of a previous order, judgment, or decree. GOV'T § 22.221(d) (West Supp. 2023); *Ex parte DeLeon*, 972 S.W.2d 23, 24–25 (Tex. 1998). We will issue a writ of habeas corpus if the order of contempt or the underlying order is void. *In re Luther*, 620 S.W.3d 715, 721–22 (Tex. 2021). In such cases, the relator bears the burden of showing that the contempt order is void. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding).

To confine a person for civil contempt, due process requires that the trial court must sign and enter both a written judgment of contempt and a written order of

commitment. *Ex parte Hernandez*, 827 S.W.2d 858 (Tex. 1992); *Ex parte Seligman*, 9 S.W.3d 452, 454 (Tex. App.—San Antonio 1999, orig. proceeding). The commitment order need not take a particular form and may be included in (1) the contempt judgment, (2) a separate order issued by the trial court, or (3) an attachment or order issued by the clerk at the trial court's direction. *Hernandez*, 827 S.W.2d at 858; *Ex parte Seligman*, 9 S.W.3d at 454. The written order "must specify in clear and unambiguous language what the prisoner must do in order to be released." *Ex parte Hernandez*, 726 S.W.2d 651, 652 (Tex. App.—Eastland 1987, orig. proceeding) (citing *Barnett*, 600 S.W.2d at 256). A mere notation by the trial court on its docket sheet, alone, *does not* satisfy due process. *In re Griffith*, 434 S.W.3d 643, 646 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (collecting cases); *In re Gonzales*, No. 11-05-00388-CV, 2006 WL 133703, at *1 (Tex. App.—Eastland Jan. 19, 2006, orig. proceeding) (mem. op.). Thus, an arrest for contempt in the absence of a *written commitment order* constitutes an illegal restraint from which the prisoner is entitled to habeas relief. *Ex parte Amaya*, 748 S.W.2d 224, 225 (Tex. 1988).

### III. *Analysis*

In her petition, Tavarez asserts that the trial court deprived her of due process and she seeks relief from the trial court's "instant illegal commitment order." Tavarez raises three issues and contends that (1) the trial court did not have the authority to render a contempt judgment in this case, (2) the trial court's October 19 order was vague and its notice of the November 13 hearing on the motion to recommit Tavarez was "constitutionally deficient," and (3) the trial court did not provide Tavarez with an opportunity to be heard at the November 13 hearing and did not receive sufficient proof at this hearing to justify finding her in contempt.

Talco responds that the trial court had the authority to render a contempt judgment. Although Tavarez does not address or discuss either the form or nature of the trial court's commitment order (namely that a *written* order does not exist), Talco responds to such an argument, stating that Tavarez was properly confined because the trial court's contempt judgment and commitment order "are in writing, signed, and dated." In support, Talco points to four orders signed by the trial court, only one of which has been signed and issued this year: (1) its order granting Talco's motion to compel (dated April 19, 2021), (2) its order *denying* Talco's motion to hold Tavarez in contempt (dated September 21, 2021), (3) its "second contempt judgment" (dated October 4, 2022), and (4) its order extending Tavarez's deadline to respond to Talco's discovery that was confusing, inconsistent, incomplete, and did not specify the consequences of any failure by her to comply with this order (dated October 19, 2023). For Tavarez's second issue, Talco responds that "the orders of contempt and commitment are not defective" because they provide notice of Tavarez's "contemptuous acts" and contain "detailed deficiency descriptions." With reference to Tavarez's third issue, Talco claims that the trial court provided Tavarez with an opportunity to be heard at the November 13 hearing, however, she neither testified nor "avail[ed] herself of the opportunity" to provide an explanation for her failure to submit sufficient answers.

At the outset, we note that neither party has provided us with the record, if any, that was taken at the November 13 hearing on Talco's second motion to recommit Tavarez.[7] Moreover, neither party has provided us with the post-judgment

---

[7]Tavarez complied with Rule 52.6(a)(2) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.6(a)(2) (relator must file an authenticated transcript or a statement that no testimony was adduced in connection with the matter in dispute). However, because we do not have a transcript of the November 13 hearing, we cannot determine whether the trial court provided Tavarez with the opportunity to be heard or whether the trial court was provided "proof sufficient to find [Tavarez] in contempt" prior to issuing its ruling. We do note that Talco's second motion to recommit Tavarez specified the answers that it alleged were incomplete or inadequate, and included descriptions regarding how her answers did not comply with

interrogatories that Talco served on Tavarez so that we may determine whether Tavarez complied with the trial court's October 19 order that extended her deadline to respond, or if the answers that she submitted to Talco were insufficient and incomplete as Talco suggests. Nevertheless, and despite the parties' oversights as stated above, it is clear that the trial court violated Tavarez's due process rights here and that a writ of habeas corpus must issue. Why? Because the trial court, after it made its contempt and commitment findings, did not *promptly* issue either a *written* contempt judgment or a *written commitment order* as required by Texas law. *See Hernandez*, 827 S.W.2d at 858. The trial court's November 13 docket sheet notation, while only temporarily effective, does not in this instance constitute and is not tantamount to a written commitment order and such entry does not sufficiently describe in clear and unambiguous language what Tavarez must do in order to be released. *See Griffith*, 434 S.W.3d at 646; *see also Barnett*, 600 S.W.2d at 256; *Hernandez*, 726 S.W.2d at 652.

As of the date of this opinion, we have not received a written contempt judgment or a written commitment order that memorialize the contempt and commitment findings made by the trial court on November 13, from either the parties, the district clerk, or the trial court. In fact, based on our inquiries to the district clerk's office, neither document has been signed or filed. Nonetheless, even if recently issued, the trial court has already violated Tavarez's due process rights because it did not *promptly* render and sign its *written contempt judgment* and *written commitment order*. Due process requires that the trial court must *promptly* sign and issue the *written* contempt judgment and *written* order of commitment after

---

the trial court's previous orders. The trial court promptly entered an order setting a hearing on Talco's second motion to recommit; this setting notice allowed the parties a week to prepare for this hearing. Tavarez appeared with counsel at the October 19 and November 13 hearings, which allowed her to avail herself of the opportunity to respond to Talco's allegations.

its contempt and commitment findings are made. *Amaya*, 748 S.W.2d at 225; *Barnett*, 600 S.W.2d at 257. In this regard, while a trial court may detain a person for contempt for "a short and reasonable time" in order to prepare the necessary contempt and commitment documents for its signature, the trial court *must* sign and enter its contempt judgment and commitment order without delay. *Barnett*, 600 S.W.2d at 257; *see Ex parte Jordan*, 865 S.W.2d 459 (Tex. 1993); *Amaya*, 748 S.W.2d at 225 (holding that a three-day delay is not "a short and reasonable time"); *In re Clark*, 393 S.W.3d 563, 564 (Tex. App.—Dallas 2013, orig. proceeding). As the supreme court has said, "[t]o hold otherwise would allow the trial court to place a person in jail indefinitely without any method for the prisoner to obtain his release by purging himself of the contempt." *Amaya*, 748 S.W.2d at 225. Such is the case here.

Because the trial court's failure to promptly sign and enter a written contempt judgment and a written commitment order is dispositive of the matter before us, we need not address the merits of the specific issues that Tavarez has raised. *See* TEX. R. APP. P. 47.1. Although it is apparent that Tavarez has repeatedly failed to comply with post-judgment discovery orders and requests,[8] the parties' reliance on the trial court's prior orders, at least for purposes of our analysis, is of no consequence because the relief that Tavarez seeks in this proceeding directly relates to the contempt and commitment rulings and findings made by the trial court on November 13, not from rulings made by it based on previous discovery hearings that concern the same dilemma.

---

[8]It is equally apparent that Tavarez previously attempted to respond to these inquiries and orders pro se, and that she appeared at certain motion hearings pro se, prior to the appearance and assistance of her new counsel.

## IV. *This Court's Ruling*

The trial court's November 13 oral contempt "judgment" and "docket entry" order of commitment are void. Here, the trial court's November 13 "docket entry" no longer constitutes a valid basis upon which to restrain Tavarez. Therefore, we grant Tavarez's petition for writ of habeas corpus, albeit for a different reason, and order her released from the bond set by this court. We further order Tavarez discharged from the trial court's oral contempt judgment and "docket entry" commitment order which it rendered on November 13, 2023.

W. STACY TROTTER

JUSTICE

December 21, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.